SIMON, Justice.
This is an appeal from the judgment of the district court dismissing plaintiff’s rule against her former husband ordering him to show cause why he should not be adjudged in contempt of court for nonpayment of alimony and why she should not obtain an executory judgment for $1,060, representing accrued alimony due for a period of 53 weeks, said amount being the aggregate of the difference between the increase granted- by this court and the amount awarded by the district court in the original proceeding, and for the additional sum of $75 as alimony allegedly due and unpaid for the month of October, 1952. Plaintiff also prays for attorney fees in the sum of $250.
Plaintiff originally instituted suit for divorce against the defendant herein - on-November 10, 1947, at which time she-was awarded alimony pendente lite payable at the rate of $55 a month. On April 28, 1949, a judgment of divorce was rendered in her favor. This award of alimony was made permanent, or until the further orders of the court. In response to her appeal from said judgment we increased the monthly award from $55 to $75 and in all other respects affirmed the judgment of the lower court.[1]
The record discloses that defendant paid alimony to plaintiff in compliance with the judgment of the district court at the rate of $55 per month from November 10, 1947 (date of filing of original -suit), through the month of March, 1952 (date of judgment of this court),- when he thereafter increased said payment to $75 per month, beginning April, 1952. His failure to pay any part of the said alimony accrued as a result of this court’s judgment and that payment due for the month of October, 1952, resulted in this rule against him.
In his answer the defendant denies that any alimony is due plaintiff. However, he-failed to prove payment thereof. He *283 readily admits that the judgment rendered by this court, increasing the award of alimony from $55 to $75, was retroactive to date suit was filed — November 10, 1947— and conceded his liability for accrued alimony in the the amount of $1,060 in addition to the current alimony of $75 for the month of October, 1952. Defendant pleaded financial inability to pay said amounts in a lump sum and prayed that the enforcement of the award of future alimony at the monthly rate of $75 be suspended until the said accrued alimony was liquidated.
The court below dismissed plaintiff’s rule in its entirety, assigning written reasons therefor that, since defendant had paid the increased amount awarded by this court from date of our decree, there was no accumulation of arrears in payments authorizing the judgment prayed for by plaintiff. In this respect the trial court has fallen into error, its ruling and reasons assigned being unsupported by any decisions of this court. The trial judge has cited no cases, nor do we know of any supporting the conclusions reached by him.
Nevertheless, in oral argument before us, counsel for plaintiff abandoned the issues of contempt and his claim of attorney’s fee only insofar as this appeal is concerned. On the other hand, defendant affirmatively alleged in his pleadings below the correctness of the indebtedness which plaintiff seeks to enforce, and, in his oral argument before us, reaffirmed his pleadings and admitted liability in the amount sued for. Therefore, we have no alternative but to render judgment in plaintiff’s favor, making executory the amount sued for.
For the reasons assigned it is ordered, adjudged and decreed that the judgment of the lower court be, and the same is hereby reversed, set aside and annulled, and that there be judgment in favor of plaintiff, Mildred Carbo Falcon, and against defendant, Clarence Falcon, in the full sum of $1,135, with interest from date of judicial demand, December 1, 1952, until paid. All costs to be paid by defendant.
FOURNET, C. J., absent.

. 221 La. 14, 58 So.2d 406.