SCHOTT, Judge.
These parties were divorced in September, 1976, and appellant Alfred B. Chrisman was condemned to pay permanent alimony to appellee in the amount of $500 per month. In April, 1981, appellant brought a rule to terminate aljmony, and appellee responded with ■ a rule to increase alimony. From a judgment increasing the alimony to $700 this appeal was taken: The basic issue is whether the trial judge abused his discretion considering that appellee works only three days a week and owns and has considerable equity in her home.
There are valid arguments on both sides of the question. On appellant’s side appel-lee earns about $500 per month, working three days a week at a bar, and she could conceivably earn even more if she worked full time. Her 22-year old son who works and supports himself lives with her and pays only $100 per month for room and board. Yet, her statement of expenses shows food costs of $280 per month and she testified that her son eats more than she does. Thus, he does not even pay his food cost much less his fair share of other household expenses, such as $257.30 for monthly house notes and $150 for utilities.
On appellee’s side, she was abandoned by appellant after twenty years of marriage and, as she put it, “wasn’t making a penny because I didn’t know how to work.” She went to work as a bar maid and gradually increased her earnings from $3900 in 1976 to $6000 at trial time. Her present job apparently involves some responsibility over and above that of a bar maid so that her earnings for three days’ work may be the equivalent of what she could earn in another position working full time. In any event, there is no convincing evidence that her full earning capacity is appreciably more than she is now earning. Her expenses of $1000 monthly do not seem to be overstated.
On the other hand, appellant has prospered since the alimony was set at $500 in 1976. His then yearly earnings of about $27,000 have increased to over $40,000, in part as a result of regular cost of living increases in his service retirement and his job. His stated expenses of $2766 per month encompass considerable expenses for his home, but these are paid in part by his wife who earns $18,000 per year. The question for the trial court was whether the change in the circumstances of the parties justified an increase in alimony. The question before us is whether the trial judge *884 abused his discretion in concluding that a $200 per month increase was justified.
We are guided by the established rule that the trial judge is vested with much discretion in determining such a matter and only if he has abused that discretion and gone beyond the acceptable range of alimony awards will the award be adjusted on the appellate level. Super v. Super, 397 So.2d 1084 (La.App. 4th Cir.1981). The trial court had to make a difficult decision with which reasonable minds may differ. But considering the evidence and equities on both sides, we cannot conclude that the judgment was a clear abuse of discretion.
In addition, the trial judge may have considered the fact that he was primarily concerned with change in circumstances since the time that the alimony was previously set in 1976. While appellant’s circumstances improved considerably, appellee’s improved only slightly, hardly keeping pace with the increase in the cost of living. In Sonfield v. Deluca, 385 So.2d 282 (La.1980), the court specifically took note of the absence of an increase in alimony while the cost of living was going up as an element to be considered in granting the divorced wife an increase in alimony.
Appellee acquired her home in a community property settlement with appellant. It was appraised for $76,000 in 1980, and, at the time of the trial in 1982, the mortgage balance on the house was $28,000 so that she has an equity of about $50,000 in the house. Appellant cites a number of cases, such as Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950) and Montz v. Montz, 253 La. 897, 221 So.2d 40 (1969), which furnish support for his argument that she is not entitled to permanent alimony because of the equity she holds in the house. However, Sonfield v. Deluca, supra, which is a more recent expression by the Supreme Court, provides a basis for her right to alimony even though she has this equity in her house. In the final analysis, the trial judge in his discretion was not persuaded that appellee was required to sell her house and deplete some of her equity as a condition to being entitled to alimony at this time. We are not persuaded that this was an abúse of his discretion.
Accordingly, the judgment appealed, from is affirmed.
AFFIRMED.