GARRISON, Judge.
On April 12, 1982, the plaintiff, Louise M. Prince, was granted a divorce from the defendant, Louis E. Prince, III. She was also granted permanent custody of their two minor children, subject to visitation privileges of the defendant. Mr. Prince was ordered to pay Mrs. Prince permanent alimony of $52.00 weekly for her maintenance and support and $96.00 weekly for support of the two minor children.
On October 3, 1984, Mr. Prince filed a rule to terminate child support and alimony. In this rule, Mr. Prince claimed that child support should be terminated because the older child had reached the age of majority and the younger child had a job and was contributing to her own support. He claimed that alimony should be terminated because Mrs. Prince was no longer in necessitous circumstances.
On October 12, 1984, Mr. Prince was notified by his employer that his employment was terminated.
In a judgment dated November 14, 1984, the trial judge terminated all child support payments owed by Mr. Prince based upon a stipulation of both parties. Additionally, all alimony payments were suspended until Mr. Prince regained employment. The judgment specified that once Mr. Prince regained employment, he was required to report his employment and wages to the trial court and to his attorney who would, in turn, relay this information to Mrs. Prince’s attorney. According to the judgment, the failure of the defendant to comply with these orders would place the defendant in contempt of court.
On February 28,1985, Mrs. Prince filed a motion claiming that Mr. Prince notified her that he had regained employment as of January 7, 1985 but that he had failed to resume alimony payments. Due to this failure, Mrs. Prince claimed that Mr. Prince *605 should be held in contempt of court and should be required to reinstitute alimony payments as of the date of his employment.
In a judgment dated April 11, 1985, the trial judge reduced the defendant’s alimony payments from $52.00 weekly to $40.00 weekly. This reduction was made retroactive to January 7, 1985. The court also found that the defendant was in arrears for alimony payments to the plaintiff in the amount of $468.00 from the time between January 7, 1985 and April 11,1985 and that amount was made executory. The court ordered the defendant to pay the plaintiff permanent alimony of $86.50 twice monthly and an additional $40.00 with each regular alimony payment until the arrearage of $468.00 is reduced to zero. The court also dismissed the plaintiffs claim for attorney’s fees and her motion that the defendant be held in contempt of court.
It is from this judgment that the defendant appeals.
The defendant presents two issues on appeal:
1) did the trial court err in refusing to terminate alimony? and
2) should the ordered alimony payments have been made retroactive to the defendant’s return to work on January 7, 1985 or should payments have resumed on the hearing date of April 11, 1985?
In his first specification of error, the defendant argues that the plaintiff’s testimony indicates that she does not need alimony but, rather, that she needs child support which has already been terminated by a stipulation of the parties. This argument is without merit. Mrs. Prince’s testimony, taken as a whole, indicates that she is in necessitous circumstances and is therefore, justified in receiving an alimony award.[1] Although Mrs. Prince is employed, her testimony clearly shows that her necessary living expenses exceed her income.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capacity, in light of all other circumstances.
This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries or enters into open concubinage.
In reviewing alimony determinations made by a trial court, an appellate court will adjust the award only if the trial judge has abused his vast discretion and gone beyond the acceptable range of alimony awards. Chrisman v. Chrisman, 432 So.2d 882 (La.App. 4th Cir.1983); writ denied, 440 So.2d 149 (La.1983). In this case, considerable testimony was presented as to the income and expenses of both parties. The trial judge evaluated this testimony and determined the alimony award owed by Louis Prince to Louise Prince. A review of the record does not indicate that the trial judge abused his discretion in this determination.
As for whether or not the alimony payments should have been made retroactive to the defendant’s return to work, the judgment of November 14,1984 specifically states that Mr. Prince’s alimony payments were merely suspended until he regained employment. There is no mention in the judgment that a new hearing had to be *606 held after Mr. Prince became employed to redetermine the amount of the alimony award as suggested by the appellant. Additionally, it is noted that a trial judge has discretion in setting the effective date of an alimony award depending upon the particular circumstances of the case. Anderson v. Anderson, 441 So.2d 413 (La.App. 4th Cir.1983). Therefore, we cannot conclude that the trial judge erred in making the appellant’s alimony payments retroactive to the date of his return to employment.
For the reasons stated above, the judgment of the trial court is affirmed.
AFFIRMED.

. Article 160 of the Louisiana Civil Code states as follows:
"When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses: the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse’s earning capacity; the time necessary for the recipient to acquire appropriate education, training or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.