513 So.2d 383 (1987)
Ronald D. ECKLUND
v.
Barbara Nash ECKLUND.
No. CA 7725.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1987.
*384 James W. Brodtmann, Chalmette, for appellee.
Mary Beoubay Petruccelli, Chalmette, for appellant.
Before CIACCIO, LOBRANO and WILLIAMS, JJ.
CIACCIO, Judge.
The custodial parent, the mother, appeals a district court judgment ordering the father to pay child support of $350.00 per month plus school tuition for the couple's minor daughter. Appellant seeks an increase in the monthly payment and an order making the award retroactive to the date of the filing of the petition. See La.R.S. 9:310. Appellee argues that the district court judgment should be affirmed. We amend the judgment, granting the relief sought by appellant.
On January 9, 1985, the district court ordered a divorce between the parties. On March 5, 1985, Barbara Ecklund filed a rule to fix child support. On July 29, 1986, no hearing to fix child support having been held, Barbara Ecklund filed a petition for child support. The petition alleges that child support had not been fixed previously because in August 1983 Ronald Ecklund had been seriously injured rendering him totally, permanently disabled. The petition further alleges Mr. Ecklund's settlement of his personal injury lawsuit.
Mr. Ecklund had been injured in an explosion and fire at the Tenneco refinery. Suits were filed to recover damages for Mr. Ecklund, Barbara Ecklund (his wife at the time of his injury), and their three children. According to the evidence in this record, settlement of these suits brought the following recovery: Barbara Ecklund, $100,000; the two major daughters, $20,000 each; the minor daughter, $9,000; Mr. Ecklund, either $165,000 or $193,000 (the record is unclear) plus a twenty-five year annuity paying $4,350.20 per month.
Mr. Ecklund is unemployed and presumably unemployable. He has remarried. His second wife is unemployed. He spent the entirety of his lump sum settlement to buy and furnish a new home. In addition to the annuity his union retirement pays $177.00 per month, for a total monthly income of $4,527.20.
At the time of the district court hearing Barbara Ecklund was unemployed, having lost her job when her employer relocated her entire department out of the state. She could have relocated, but chose to stay and had not then found another job. She continues to live in the family home from which Mr. Ecklund removed only his personal belongings, but she pays the $557.00 monthly mortgage note.
Mr. Ecklund is continually plagued by the injuries he received in the fire and the medical needs resulting therefrom are likely to persist for the remainder of his life. Mr. Ecklund, Barbara Ecklund, and their minor daughter are all under psychiatric care. Mr. Ecklund estimated his medical expenses at $2,500 per month. We find this figure to be unsupported by the evidence in the record. Further, the record is unclear, as Mr. Ecklund was unclear, whether any of his future medical expenses will be covered by insurance.
At the time of the district court hearing Mr. Ecklund was not spending $2,500 per month on medical expenses. The only expenses he enumerated that would come from this category of estimated expenses were $180 a week for psychiatric visits, $5,000 total expense for some dental work, and $10,000 for a biofeedback program. Assuming Mr. Ecklund makes his psychiatric visits 52 weeks of the year ($9,360) and has both of the other projects done in the same year, he will have spent $24,360 for the year or an average of $2,030 per month. No other specific future medical needs are suggested by the record. He additionally estimates $156.00 per month expense for drugs and medicines which amount is apparently consumed by the expense of skin cream required because of his burns.
Barbara Ecklund estimated the expenses of the minor daughter to be $1,291.00 per month. While in terms of basic necessities this figure may be generous, considering the economic station of the parties and the *385 resources available we do not find this estimate unreasonable.
Parents are obliged to support, maintain and educate their children. La.C.C. Art. 227. Child support payments are to be set in proportion to the needs of the child and the circumstances of the parents who will pay the support. La.C.C. Art. 231; Ducote v. Ducote, 339 So.2d 835 (La.1976); Guillory v. Guillory, 503 So.2d 636 (La.App. 4th Cir.1987). When arriving at an appropriate figure for child support the court must consider the totality of all pertinent circumstances. Stagg v. Stagg, 436 So.2d 1202 (La.App. 4th Cir.1983). The trial court has considerable discretion in setting child support, and such awards will not be disturbed on appeal absent a clear abuse of discretion. Garcia v. Garcia, 438 So.2d 256 (La.App. 4th Cir.1983).
In Ducote v. Ducote, supra, the Supreme Court provided the guideline for determining the proper standard of living for the child.
If the parents are divorced and the children are living with their mother, the children are entitled to the same standard of living as if they resided with their father whenever the financial circumstances of the father permit.
339 So.2d at 838. The income of the non-custodial parent, therefore, is significant, because the child would derive the benefits of that income if he lived with the non-custodial parent. Stagg v. Stagg, supra.
Mr. Ecklund has a net monthly income of $4,527.20, or a net annual income of just over $54,000.00. His furnished home is completely paid for. His major expense is possible future medicals, the specific nature and cost of which are virtually unsubstantiated by the record, although there is no question that Mr. Ecklund is seriously injured and is permanently, totally disabled.
The district court ordered Mr. Ecklund to pay his daughter's tuition, $1,375.00 per year (when financed the total amount paid including interest was $1,421.28), plus $350.00 per month. We find, considering the needs of the child and the circumstances of Mr. Ecklund, that this amount is unreasonably low. We find, as a more appropriate figure, that Mr. Ecklund can pay at least $500 per month plus tuition for his daughter's support. Such a figure leaves Mr. Ecklund with a net annual income of almost $47,000.00, and represents approximately half of the estimated expenses of his daughter. We find that this arrangement also more properly balances the mutual obligations of the parents toward the child, recognizing the obvious and substantial value of the non-monetary support, maintenance and education rendered through the day-to-day nurturing by the custodial parent. See Ducote v. Ducote, supra.
The district court judgment is silent as to the commencement date of the support payments. Prior to the enactment of La.R.S. 9:310 the courts held that when the judgment is silent "it must be presumed the court intended it to be effective on the date of rendition." Cumpton v. Cumpton, 283 So.2d 846, 848 (La.App. 2d Cir.1973); followed in Mullen v. Mullen, 422 So.2d 195 (La.App. 4th Cir.1982). La.R.S. 9:310 provides, however, than an order for child support "shall be retroactive to the filing date of the petition", paragraph A, unless "the court finds good cause for not making the award retroactive," paragraph C. The courts have held also that even before the enactment of La.R.S. 9:310 a court could make an award retroactive and either trial or appellate court could adjust the differential amount that may result from appellate modification of a trial court support judgment. See Key v. Willard, 488 So.2d 1147 (La.App. 2d Cir.1986).
Accordingly, we find that, not having found good cause for not making the award retroactive, the trial court should have made the support award retroactive to the filing date of the petition. La.R.S. 9:310. In this case the issue arises whether that date should be the date the first rule to fix child support was filed, March 5, 1985, or the date the petition for child support was filed, July 29, 1986. Since the parties did not proceed on the original rule and since the award is based upon the recovery generated by settlement of the *386 personal injury suit (which apparently prompted the filing of the petition for child support), we find that the district court judgment should be made retroactive to the date of the filing of the petition, July 29, 1986.
The appeal of the district court judgment did not suspend its effect. La.C.C.P. Art. 3943. The issue arises now as to the appropriate effective date of our modification of that judgment. Because we have found that the trial court should have awarded support payments of tuition plus at least $500 per month, based upon the child's needs and Mr. Ecklund's ability to pay, we find that our modification of the district court judgment should be retroactive to the filing date of the petition, July 29, 1986.
Accordingly, the district court judgment is amended to increase the monthly child support payments to $500.00, and to make the judgment as modified retroactive to July 29, 1986, the filing date of the petition for child support. As amended the judgment is affirmed. All costs of this appeal are to be paid by appellee, Ronald D. Ecklund.
AMENDED AND AFFIRMED