532 So.2d 281 (1988)
Thomas S. BROUSSARD, Sr., Plaintiff-Appellee,
v.
Athena BROUSSARD, Defendant-Appellant.
No. 87-691.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1988.
*282 Raggio, Cappel, Chozen & Berniard, Stephen A. Berniard, Jr., Lake Charles, for plaintiff-appellee.
J. Michael Placer, Lafayette, for defendant-appellant.
Before GUIDRY, FORET and STOKER, JJ.
GUIDRY, Judge.
On January 21, 1987, plaintiff, Thomas J. Broussard, Sr., filed a petition for separation from his wife, Athena Broussard. On February 10, 1987, Mrs. Broussard answered, generally denying plaintiff's allegations and filed a reconventional demand seeking, among other relief, custody of the couple's two-year-old child, child support and alimony pendente lite. Following a hearing on the merits of the rule, the trial court granted joint custody of the minor child to plaintiff and defendant with physical custody given to each parent on alternating weeks. Additionally, the trial court ordered the plaintiff-defendant in reconvention to pay $800.00 per month alimony pendente lite and $300.00 per month child support. The trial court ordered all support payments to begin April 1, 1987 stating, in written reasons for judgment, that the court "did not find good cause for making the award retroactive".
Defendant-plaintiff in reconvention has appealed urging that the trial court erred when it failed to make the effective date of the support payments retroactive to the date of the filing of the petition seeking alimony and child support. Appellant also seeks an increase in the awards of alimony and child support. Plaintiff-defendant in reconvention answered the appeal urging that alimony be denied and, in the alternative, that it be reduced.
We first consider whether the trial court erred when it failed to order the payment of alimony and child support retroactive to the date of judicial demand.
La.R.S. 9:310 reads in pertinent part as follows:
. . .
A. An order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order.
. . . . .
C. In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due."
At the outset, we note that the word "shall" in a statute denotes a mandatory duty. La.R.S. 1:3. Consequently, La.R.S. 9:310 makes it mandatory that an award for child support or alimony be retroactive to the filing date of the petition for same unless the court finds good cause for not making the award retroactive. Key v. Willard, 488 So.2d 1147 (La.App.2d Cir.1986) *283 and Ecklund v. Ecklund, 513 So.2d 383 (La.App. 4th Cir.1987). The burden is not on the claimant spouse to demonstrate good cause for making the award retroactive. Rather, the burden is on the defendant in rule to show good cause for not making the award retroactive. We discern from the trial court's written reasons for judgment that the burden to establish "good cause" was placed on the claimant spouse. This was error. In the instant case, the record is devoid of any evidence which would demonstrate good cause for not making the award retroactive. Accordingly, we find that the trial court should have made the support awards retroactive to the filing date of the petition seeking same, February 10, 1987. We will amend the trial court's judgment in this respect.
We next consider appellant's and appellee's claims of error in regard to the amounts awarded.
The record reflects that Thomas S. Broussard, Sr. is gainfully employed as an insurance salesman for Southern Farm Bureau Casualty Company and its affiliates and earns a gross monthly income of $5,900.00. Although his business expenses are substantial, his net monthly income is in excess of $3,000.00. On the other hand, Athena Broussard is employed as a sales clerk at D.H. Holmes department store and earns a monthly salary of $530.00. Both Thomas and Athena Broussard were awarded joint custody of their minor child and each has physical custody of the child on a week to week basis.
The trial court is vested with much discretion in fixing awards of alimony and child support. Such determinations will not be disturbed unless there is a clear abuse of discretion. Meyer v. Meyer, 371 So.2d 1304 (La.App. 4th Cir.1979), writ denied, 373 So.2d 546 (La.1979). We find no abuse of discretion and accordingly, decline to alter the awards.
For these reasons, we amend the judgment of the trial court so as to award judgment in favor of plaintiff in reconvention and against Thomas S. Broussard, Sr. for alimony pendente lite and child support due retroactively to the filing date of the petition seeking same. In all other respects, the judgment of the trial court is affirmed. Appellee is cast with all costs of this appeal.
AFFIRMED AS AMENDED.