549 So.2d 267 (1989)
Maurine Perez HOGAN
v.
William J. HOGAN, Sr.
No. 88-C-3039.
Supreme Court of Louisiana.
September 12, 1989.
*269 Robert C. Lowe, Ellen Widen Kessler, Lowe, Stein, et al, for applicant.
Stephen T. Wimberly, S. Guy deLaup, Hall, Lentini, et al., for respondent.
DENNIS, Justice.
We granted certiorari to consider whether a Court of Appeal judgment modifying a child support award should be given retroactive effect to the date of the trial court judgment or commencement of the trial court proceedings. In a previous controversy between the parties the trial court reduced its preexisting child support order in favor of the mother, as custodian of three children, from $1,800 to $1,300 per month, but on appeal the Court of Appeal reversed and replaced the trial court's order with its own decree ordering the father to pay $1,800 per month, thereby restoring the award to its original amount. Hogan v. Hogan, 465 So.2d 73 (La.App. 5th Cir. 1985), writ denied, Perez v. Hogan 468 So.2d 1207 (La.1985). In the present case, the trial court, in the course of ruling on several issues, held that the Court of Appeal judgment increasing child support in the previous 1985 case of Hogan v. Hogan, supra, should be given retroactive effect to the date of the trial court judgment. The trial court found that the father had not paid the full amount of child support as retroactively increased by the Court of Appeal judgment. Accordingly, the trial court awarded the mother a judgment of $7,000 against the father for unpaid child support. The court of appeal, while affirming in other respects, reversed the $7,000 judgment, holding that an increase in child support ordered by a Court of Appeal is not retroactive but becomes effective only after the Court of Appeal judgment becomes final. Hogan v. Hogan, 534 So.2d 478 (La. *270 App. 5th Cir.1988). We reverse in part, reinstate the $7,000 award of unpaid retroactively increased child support to the mother, but affirm on the other issues. La.R.S. 9:310 provides that an order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony, unless the court finds good cause for not making the award retroactive. This statute is applicable to a judgment of the Court of Appeal when it substitutes its child support or alimony order for that of the trial court.

Factual and Procedural Background
Mr. and Mrs. Hogan were divorced in October, 1981, and custody of the three minor children of the marriage was granted to Mrs. Hogan. In consideration of the parties' community property settlement, a consent decree was entered by which Mr. Hogan agreed to pay the sum of $1,800 per month for support of the three children, in addition to all medical bills and schooling expenses of the children, for a period of twelve years, regardless of the fact that all of the children would reach majority during that time. He further agreed not to seek a reduction of that amount, except in the event of "substantial financial reverses." He also agreed to pay the sum of $1,691.83 per month in permanent alimony to Mrs. Hogan.
In 1983 the parties engaged in litigation over the amount of child support due Mrs. Hogan because Mr. Hogan filed a rule to reduce after he was awarded custody of one of the three children. The district court reduced the child support from $1,800 to $1,300 per month. Upon appeal by Mrs. Hogan, the Court of Appeal reversed that ruling and increased the support to $1,800, thus reinstating the original amount. Hogan v. Hogan, 465 So.2d 73 (La.App. 5th Cir.1985).
In July, 1985 Mrs. Hogan filed a rule in the present case to accumulate the $500 per month reduction in child support which accrued between December 15, 1983, the date of the trial court judgment reducing the amount of support, and February 11, 1985, the date of the court of appeal judgment in the previous case which reinstated the original amount of support. Mrs. Hogan also sought an increase in alimony and child support on the basis of the return of one of the children to her custody and the alleged depletion of her assets to support herself and the children. Mr. Hogan responded by filing a rule requesting a decrease in both alimony and child support on the basis of his alleged substantial financial reverses.
The trial court refused to either increase or decrease the amount of alimony and child support, but awarded Mrs. Hogan $7,000 in child support that had accrued between the trial court reduction and the appellate court reinstatement of the original amount. In his Reasons for Judgment, the trial court ruled that the appellate judgment reinstating the original amount of support should be given retroactive effect and thus that Mrs. Hogan was entitled to accumulate the difference in support payments which accrued between the trial court judgment granting a reduction and the court of appeal judgment reversing the reduction.
Both parties appealed. The court of appeal affirmed the trial court's refusal to either increase or decrease alimony and child support, but it reversed the award of accumulated child support in the amount of $7,000, holding that an increase in child support ordered by a reviewing court becomes effective only from the date a writ application is denied by the Supreme Court and the appellate judgment becomes final and cited Frederic v. Frederic, 302 So.2d 903 (La. 1974) as precedent. Hogan v. Hogan, 534 So.2d 478 (La.App. 5th Cir.1988).
Mrs. Hogan was granted a writ of certiorari by this court; Mr. Hogan filed a Peremptory Exception of Res Judicata in this court, but did not seek review of the trial court's refusal to decrease alimony or child support.

Legal Precepts

A.
La.R.S. 9:310 provides that an order for child support or alimony shall be retroactive to the filing date of the petition therefor, unless the court finds good cause for not making the award retroactive, *271 in which case the court may fix the date such award shall become due. These principles apply directly and fully to an appellate court order modifying or replacing a trial court's support order.
La. Const.1974, Art. V Sec. 10(B) provides that the appellate jurisdiction of a court of appeal extends to both law and facts. This provision, resulting from Louisiana's history as a civilian jurisdiction, has been interpreted as giving a court of appeal the power to decide factual issues de novo. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), on remand 370 So.2d 1262 (La. App. 3d Cir.1979), writ denied 374 So.2d 660 (La.1979). Cf. F. Maraist, The Work of the Louisiana Appellate Courts for the 1978-79 TermA Faculty Symposium, Civil Procedure, 40 La.L.Rev. 761 (1980). The exercise of this power by an appellate court is limited, however, by the jurisprudential rule of practice that a trial court's alimony or child support order will not be reversed except for abuse of discretion. Loyacano v. Loyacano, 358 So.2d 304, 310-312 (La. 1978) (On original hearing), vacated and remanded on other grounds, 440 U.S. 952, 99 S.Ct. 1488, 59 L.Ed.2d 766 (1979); Cassagne v. Cassagne, 207 La. 1033, 22 So.2d 559 (1945); Baer v. Simon, 334 So.2d 796 (La.App. 3rd Cir.1976). But when the Court of Appeal decides that the trial court abused its discretion, it is required to assess the evidence anew from the record and render a judgment on the merits as if it were a trial court, rather than to remand the case for further proceedings below. Cf., McLean v. Hunter, 495 So.2d 1298 (La.1986); Ragas v. Argonaut Southwest Ins. Co., 388 So.2d 707 (La.1980); Gonzales v. Xerox Corp, 320 So.2d 163 (La.1975). Accordingly, when a Court of Appeal properly finds that the trial court abused its discretion and substitutes its judgment for the trial court's alimony or child support order, the appellate court performs the function of a trial court and must be guided by the precepts of La.R.S. 9:310. Accord, Cenac v. Cenac, 538 So.2d 646 (La. App. 1st Cir.1988); Middleton v. Middleton, 535 So.2d 466 (La.App. 5th Cir.1988); Ecklund v. Ecklund, 513 So.2d 383 (La. App. 4th Cir.1987).

B.
La.R.S. 9:310 does not change the substantive law pertaining to alimony and child support. It merely establishes definite procedural rules for the enforcement of alimentary decrees. Although this court has not previously spoken comprehensively on the subject of the retroactivity of alimony or child support awards, consideration of the code and doctrine leads us to conclude that La.R.S. 9:310 is fully consistent with preexisting law.
Alimony is that which is necessary for the nourishment, lodging and support of the person who claims it, including education in the case of a minor or full time dependent student under nineteen years. La.C.C. art. 230. The obligation of alimony is the term used to designate the duty imposed on one person of furnishing to the other an allowance for maintenance. This obligation necessarily presupposes that one of these persons is in need while the other is able to render aid. 1 M. Planiol, Civil Law Treatise, pt. 1 § 659. Alimony is granted in proportion to the wants of the person requiring it, and the circumstances of those who are able to pay. La.C.C. art. 231.
La.Civil Code article 227 provides that the parents, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children. But it is actually the fact of paternity or of maternity and not that of marriage that obliges parents to nourish and rear their children. 1 M. Planiol, Civil Law Treatise, pt. 2 § 1681. As Planiol observed, what proves this is the circumstance that this obligation exists even outside of marriage and in favor of illegitimate children. Id.
The obligation to support their children is conjoint upon the parents and each must contribute in proportion to his or her resources. This obligation is solidary because each parent is bound for the entirety. Thus, if one of them has nothing, or if one of them dies, the other is obligated to support *272 alone all the expenses. 1 M. Planiol, Civil Law Treatise, pt. 2 § 1683.
The child is the veritable creditor of each parent's unilateral obligation for his upbringing, with the special expenses it entails. Dubroc v. Dubroc, 388 So.2d 377 (La.1980); 1 M. Planiol, Civil Law Treatise, pt. 2 §§ 1682, 1686. To facilitate the enforcement of this obligation, however, each spouse is given, in his or her own name, a right of action against the spouse without custody to compel him or her to turn over in advance the money necessary to contribute toward the child's maintenance. Dubroc v. Dubroc, supra, and authorities cited therein; 1 M. Planiol, Civil Law Treatise, pt. 2 § 1686.
The parent's duty of support and upbringing is a legal duty owed to the child, and it cannot be renounced or suspended. Dubroc v. Dubroc, supra. Neither the parents nor a court decree can permanently set aside the duty of support. Dubroc v. Dubroc, supra n. 3; Walder v. Walder, 159 La. 231, 105 So. 300 (1925). In fact, according to Aubry & Rau, "[R]ights or faculties accorded to a person in the interest of public order rather than in his private interest are not susceptible of becoming the object of a renunciation.... Thus, one may not renounce rights deriving from marital or paternal authority on the persons, respectively, of the wife or children. Nor can one renounce the attributes and the qualities of status or alimonies due by virtue of the law or of an act of liberality." 4 C. Aubry & C. Rau, Droit Civil Francais, § 323 (6th ed. Bartin) in A.N. Yiannopoulos, 1 Civil Law Translations 219 (1965); See 1 M. Planiol, Civil Law Treatise, pt. 1, § 683.
Article 232 of the Civil Code provides that when the person who owes alimony is placed in such a situation that he can no longer give, or the person entitled to alimony is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted. This provision has been interpreted by this court to mean that a reduction of alimony or a discharge from the obligation to pay may be granted only from and after the time when it is sought, by suit or in answer to a suit to enforce payment. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954); Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11 (La.1953), Snow v. Snow, 188 La. 660, 177 So. 793 (La.1937).
Although it has not been mentioned in this court's opinions, Planiol espoused a similar construction of the procedure involved in the application of French Civil Code Article 209, our Article 232's almost verbatim counterpart; moreover, he identified the point at which the substantive right and obligation of alimony arises as the moment when the creditor's need and the debtor's ability to pay coincide and, furthermore, he strongly implied that the same rules should govern the granting of increases as well as reductions of or discharges from alimony:
The needs of the one and the fortune of the other are necessarily variable. Consequently the amount fixed by the court is always temporary. It may be modified at any time in such a manner as to follow equitably the fluctuations of both parties' wealth. Thus, should the needs of the creditor diminish, the amount of the pension could be reduced. The same holds true if the debtor should find himself, in turn, in an increasing state of pecuniary difficulty. Thus, the alimony would stop completely, either on the day that the creditor no longer needed it or on the day that the debtor was unable to continue to pay, even in part. This is exactly what Art. 209 alludes to in saying that the release (complete dispensation) or the reduction of the alimony can be applied for according to circumstances.

Although the law does not mention a possible increase, it would be legally allowed if the needs of the one or the income of the other had increased since the judgment. 1 M. Planiol, Civil Law Treatise, pt. 1 § 682 (Emphasis added).
Under the legislative and doctrinal scheme, the creditor's substantive right to alimony clearly begins, fluctuates and ends in accordance with his needs and the debtor's ability to pay. Accordingly, a *273 utopian court, following the code and Planiol literally, would decree that any modification in the alimony award shall take effect as of the precise moment of the consequential change in the parties' situation. In the interests of judicial efficiency and social utility, however, this court has superimposed a procedural rule limiting the retroactive scope of a court's determination of a debtor's entitlement to a reduction of or a discharge from his liability: relief may be granted only from and after the time it is sought by an appropriate pleading. We have failed to articulate a reciprocal rule in determining the retrospective ambit of a judgment commencing or increasing alimony. But see Teasdel v. Teasdel, 493 So.2d 1165 (La.1986), (applying R.S. 9:310 without discussion to increase permanent alimony retroactively to the time of filing of petition); Falcon v. Falcon, 228 La. 280, 82 So.2d 10 (1955) (retroactivity of increase conceded by debtor). Upon reflection, however, we conclude that this court may not justifiably place a more constrictive procedural limit upon judicial recognition of an alimony creditor's right to substantive relief than upon a debtor's right. That our substantive law abhors a gap in the support of one in need is plain from its establishment of alimony as a right in the interest of public order, insusceptible of renunciation, and, when due to the child, enforcible conjointly against the parents. Accordingly, we believe that even prior to the enactment of La.R.S. 9:310 our law required, as a general rule, that court orders initiating or increasing alimony have effect retrospectively from the date of the order to at least the date relief was sought, by petition or in answer to a suit to reduce or terminate alimony. See Key v. Willard, 488 So.2d 1147 (La.App. 2d Cir.1986); Prince v. Prince, 485 So.2d 604 (La.App. 4th Cir.1986); Wasson v. Wasson, 439 So.2d 1208 (La.App. 1st Cir.1983), writ denied 443 So.2d 592 (La.1983); Wilhite v. Wilhite, 408 So.2d 973 (La.App. 2d Cir. 1982) (On Rehearing), writ denied 412 So.2d 100 (La.1982).
A study of the characteristics of the alimentary system preexisting La. R.S. 9:310 leads us to conclude that while it, for the most part, demanded that initial alimony and increase orders be retroactive to filing, it also permitted the court within its discretion to fashion a different solution when required by justice in extraordinary circumstances. The Civil Code sparsely formulates the legal rules for granting and changing alimony in the most general terms, thereby giving the courts great discretion in its application. La.Civil Code arts. 231, 232. As the court is authorized to exercise discretion in evaluating circumstances for the purpose of granting or modifying alimony, La.Civil Code arts. 160, 231, 232, it is called upon to do so by analogy in deciding the effective date of its order in unusual situations. Experience indicates, too, that in exceptional cases justice obliges the court to advert to the general principles and doctrines of law such as abuse of rights, unjust enrichment and equity in order to properly specify the temporal effect of its judgment. See generally, R. MacLean, Judicial Discretion in The Civil Law, 43 La.L.Rev. 45 (1982); see, cases in accord with the general proposition that courts are not without discretion to limit or bar the retroactive scope of a modification of a support order, Ecklund v. Ecklund, 513 So.2d 383 (La.App. 4th Cir.1987); Key v. Willard, 488 So.2d 1147 (La.App. 2d Cir. 1986); Wilhite v. Wilhite, 408 So.2d 973 (La.App. 2d Cir.1982), cert. denied 412 So.2d 100; Vinson v. Vinson, 292 So.2d 763 (La.App. 4th Cir.1974); Cumpton v. Cumpton, 283 So.2d 846 (La.App. 2d Cir. 1973); contra, Mathews v. Mathews, 489 So.2d 360 (La.App. 5th Cir.1986) (relying on Frederic, supra, but stating that, if it were free to adopt a rule, the court would prefer appellate courts to have discretion in fixing the commencement date for changes made by the appellate court, 489 So.2d at 364).

C.
The culprit of some confusion in this area of the law is our own opinion in Frederic v. Frederic, 302 So.2d 903 (La.1974). Because of the very complicated procedural history of that case, the ambiguity of the opinion and the divided views of its interpreters, there is little profit in attempting *274 to discover the "true" judicial intention of the decision. Suffice it to say that there are at least two plausible interpretations of the original opinion and its per curiam amendment with regard to whether a court of appeal judgment revoking an alimony decree is retroactive: (1) That a Court of Appeal judgment terminating alimony is not retroactive but is effective prospectively only after the finality of that Court of Appeal judgment; and (2) That an appeal cannot suspend the execution of a trial court's alimony order, and the judgment debtor is obliged to continue alimony payments under the order until the finality of a Court of Appeal judgment terminating alimony.
The first interpretation conflicts with the views expressed in this opinion and is therefore expressly disapproved. The second interpretation is not inconsistent with this opinion but it may raise questions as to the outcome of a case like Frederic in the future. To help dispel doubts, it should be noted that if a court of appeal finds that the trial court abused its discretion and proceeds to make a de novo determination on the merits that alimony should be modified, its decision is governed by the provisions of La.R.S. 9:310 and should be retroactive to the filing date of the petition for alimony, unless there is good cause to bar such retroactivity and fix a different effective date.

Application of Legal Precepts
Applying the foregoing precepts, we conclude that the 1985 Court of Appeal judgment increasing the child support award from $1,300 to $1,800 was a de novo determination on the merits and should be given retroactive effect to the date of the petition therefor. Moreover, we conclude that no good cause has been shown to limit the retrospective ambit of that Court of Appeal child support award. Accordingly, the trial court judgment in the present case awarding the mother an accumulation of the child support increases in the amount of $7,000 will be reinstated.

Res Judicata Exception
Mr. Hogan contends that Mrs. Hogan's action to cumulate the retroactive child support increases resulting from the 1985 Court of Appeal judgment is barred by the res judicata effects of that judgment. The argument is patently without merit. In that prior litigation Mrs. Hogan did not demand accumulation of past due child support, and the matter was not actually litigated and finally adjudged. Therefore, it did not become an object of the judgment. See La.R.S. 13:4231; Sewell v. Argonaut, 362 So.2d 758 (La.1978).

Other Issues
The judgment of the Court of Appeal in the present case is affirmed with regard to all other issues for the reasons expressed in its opinion.

Decree
For the reasons assigned, the Court of Appeal judgment is affirmed except insofar as it reversed the trial court's award of $7,000 in accumulated child support increases to the mother as custodian of the children; in this respect the Court of Appeal judgment is reversed in part; the trial court judgment herein is now fully reinstated and affirmed.
AFFIRMED IN PART, REVERSED IN PART; TRIAL COURT JUDGMENT FULLY REINSTATED.
DIXON, C.J., and LEMMON, J., concur.
COLE, J., concurs and assigns additional reasons.
COLE, Justice, concurring.
While subscribing to the majority opinion, I find it necessary to note that Wasson v. Wasson, 439 So.2d 1208 (La.App. 1st Cir.1983), writ den., 443 So.2d 592 (La. 1983) [Wasson II,] was a correct statement of the law at the time it was written. In Wasson II, Frederic v. Frederic, 302 So.2d 903 (La.1974), rehearing den., was found inapplicable to a factual situation involving a successful litigant's efforts to benefit from a retroactive application of a prior appellate court's decision to increase a trial *275 court's support award,[1] which is identical to the situation presented here. Consequently, the First Circuit, sitting en banc, determined the prior appellate decision [Wasson I] was retroactive to the date of the trial court judgment. The following year, however, the legislature enacted LSA-R.S. 9:310, providing an order for child support or alimony shall be retroactive to the filing date of the petition for such support. It was error, then, for the trial court to follow the portion of Wasson II relating to the retroactivity of child support and alimony orders because that portion has been statutorily superceded.
NOTES
[1] In Frederic, the wife's right to alimony was revoked on appeal. Consequently, under the ambit of LSA-C.C.P. art. 3943, which provides that only a devolutive appeal can be taken from a judgment awarding alimony, this court stated that the effective date of the termination of alimony is the date that its judgment becomes final.