553 So.2d 1064 (1989)
Beverly F. MOREAU, Plaintiff-Appellant,
v.
Aaron MOREAU, Defendant-Appellee.
No. 88-846.
Court of Appeal of Louisiana, Third Circuit.
December 13, 1989.
A. Bruce Rozas, Mamou, for plaintiff-appellant.
Preston N. Aucoin, Ville Platte, for defendant-appellee.
Before DOMENGEAUX, YELVERTON, and KING, JJ.
KING, Judge.
The sole issue presented on appeal is whether plaintiff is legally entitled to an increase in permanent alimony.
Beverly F. Moreau (hereinafter plaintiff) and Aaron Moreau (hereinafter defendant), were divorced in 1975 and plaintiff was awarded permanent alimony. Plaintiff filed a petition to increase the amount of permanent alimony because of necessitous circumstances. After a trial on the merits, the trial court denied plaintiff's demand and dismissed plaintiff's rule at her cost. A formal written judgment was signed. Plaintiff has timely perfected a devolutive appeal. We reverse and render judgment.

FACTS
Plaintiff and defendant were married on November 21, 1946 in Evangeline Parish, Louisiana. Plaintiff obtained a legal separation, on the ground of abandonment, on June 1, 1973. Defendant was ordered to pay alimony pendente lite in the amount of $200.00 a month. The parties were granted a divorce on August 11, 1975 and defendant was ordered to pay plaintiff $150.00 a month in permanent alimony. Thereafter, defendant obtained a judgment reducing his alimony payments to $106.62 per month because of the fact he was unemployed and plaintiff was employed. On March 10, 1988, plaintiff filed a Petition for Increase *1065 in Alimony. She alleged that she was in need of and entitled to an increase in monthly alimony because of her disability retirement, which caused a sharp decrease in her income, and because defendant's financial situation had improved to the point where he was able to afford to pay additional alimony.
On May 31, 1988, this matter was tried. Plaintiff testified that she worked for the Evangeline Parish School Board as a cook for ten years, until September, 1987, making a little over $400.00 a month. Plaintiff testified that she has high blood pressure and diabetes and, because of these health reasons, was forced to retire on disability. Plaintiff now receives $139.00 a month from her retirement check, $52.00 a month in food stamps, and the $106.62 a month alimony. Plaintiff's total monthly income is approximately $297.62. Plaintiff testified that her monthly expenses are $561.00 and that she was behind on some of her monthly payments. She stated that one of her daughters helps her pay for her medication. Plaintiff had applied for Supplemental Security Insurance (SSI) but as of the time of the hearing, had received no response to her application.
Defendant owns a welding company and is self-employed. He has remarried and his wife works part time, making $4.50 an hour. While defendant testified that he only brought home a little more than $200.00 a month, his income tax returns, which were introduced into evidence at the hearing, show that in 1986, his business had $23,111.00 in gross receipts. In 1987, his income tax returns show gross receipts in the amount of $39,195.00. Defendant testified that for January, February, and March, 1988, his gross receipts for the respective months totaled $4,098.00, $4,287.00, and $1,772.00.
The trial court considered the evidence, denied plaintiff's demand for an increase in monthly alimony and dismissed her rule.

DECISION
Louisiana Civil Code Article 160 provides the following criteria for determining alimony after divorce.
"A. (1) When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse.
(2) In determining the entitlement and amount of alimony after divorce, the court shall consider:
(a) The income, means, and assets of the spouses;
(b) The liquidity of such assets;
(c) The financial obligations of the spouses, including their earning capacity;
(d) The effect of custody of children of the marriage upon the spouse's earning capacity;
(e) The time necessary for the recipient to acquire appropriate education, training, or employment;
(f) The health and age of the parties and their obligations to support or care for dependent children; and
(g) Any other circumstances that the court deems relevant.
(3) In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
(4) Permanent periodic alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries or enters into open concubinage."
A party seeking to alter an alimony award must show a change in circumstances of either party from the time of the award to the time of the alimony rule. Fox v. Fox, 526 So.2d 509 (La.App. 3 Cir.1988); Russell v. Russell, 520 So.2d 435 (La.App. 3 Cir.1987). Under Civil Code Article 160, a spouse may be awarded alimony only if he or she proves they do not have sufficient means of support. Hilton v. Hilton, *1066 451 So.2d 90 (La.App. 3 Cir. 1984). The term "support" encompasses food, shelter, clothing, reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses, and the tax liability caused by alimony. Harper v. Harper, 496 So.2d 1369 (La.App. 3 Cir.1986), writ den., 499 So.2d 87 (La.1987).
In the present case, plaintiff has sufficiently proven the necessary change of circumstances to warrant an increase in her alimony payments. When defendant's alimony payments were set at $106.62 per month, plaintiff was employed making approximately $400.00 a month and defendant was unemployed. Since that time, plaintiff has become unemployed and is on disability retirement and defendant's welding business has prospered. Additionally, plaintiff has shown that she does not have sufficient means for her support. Plaintiff's monthly expenses, which were not controverted, totaled $561.00 while her monthly income was only $297.62. The fact that plaintiff applied for, but was not receiving SSI benefits at the time of the hearing on her rule, was irrelevant in calculating plaintiff's current needs.
Defendant argues that much discretion is vested in the trial court in determining the amount of alimony and that in the absence of a clear showing of abuse of discretion, the amount set by the trial court should not be disturbed. Defendant further argues that plaintiff should not receive an increase in alimony because she has assets which she received in the community property settlement. Plaintiff received the house and the furniture in the community property settlement. The jurisprudence clearly establishes that one is not required to sell assets and deplete the proceeds before one is entitled to receive alimony. Sonfield v. Deluca, 385 So.2d 232 (La. 1980). Accordingly, neither is one required to sell a house and furniture in order to contribute to one's maintenance before one can be awarded an increase in alimony. Moncus v. Moncus, 510 So.2d 1271 (La.App. 3 Cir.1987), writ den., 514 So.2d 462 (La.1987).
While this court is conscious of the trial court's great discretion in fixing the amount of alimony and that such findings should not be disturbed on appeal absent a clear showing of an abuse of discretion, a spouse is entitled to obtain sufficient means for maintenance. Since plaintiff has met her burden of proving insufficient means and of proving defendant's increased ability to pay, we find that plaintiff is entitled to an increase in permanent alimony payments. In reviewing the evidence we find that plaintiff is entitled to an increase of her permanent alimony payment of $150.00 a month, bringing her total permanent alimony payment from defendant to $256.62 per month.
While it is not urged in brief to this court, since we have made the determination that the amount of alimony should be increased, we are now confronted with whether or not this increase should be applied retroactively to the date that plaintiff filed her petition for an increase, which was March 10, 1988. LSA-R.S. 9:310 provides:
"A. An order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order.
B. Any support of any kind provided by the judgment debtor from the date the petition for support is filed to the date the support order is issued, to or on behalf of the person for whom support is ordered, shall be credited to the judgment debtor against the amount of the judgment.
C. In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due."
Cases interpreting this statute have found that the court must make an award for child support or alimony retroactive to the filing date of the petition, unless the court finds good cause for not making the award retroactive. Hogan v. Hogan, 549 So.2d 267 (La. 1989); Broussard v. Broussard, 532 So.2d 281 (La.App. 3 Cir.1988); Ecklund v. Ecklund, 513 So.2d 383 (La.App. 4 Cir.1987). In Hogan, supra, the Supreme *1067 Court considered the issue of whether or not LSA-R.S. 9:310 is applicable to a judgment of the Court of Appeal when it substitutes its child support or alimony order for that of the trial court. The court held that the principles of LSA-R.S. 9:310 apply fully to an appellate court order modifying or replacing a trial court's support order and noted:
"As the court is authorized to exercise discretion in evaluating circumstances for the purpose of granting or modifying alimony, La.Civil Code arts. 160, 231, 232, it is called upon to do so by analogy in deciding the effective date of its order in unusual situations. Experience indicates, too, that in exceptional cases justice obliges the court to advert to the general principles and doctrines of law such as abuse of rights, unjust enrichment and equity in order to properly specify the temporal effect of its judgment...." Hogan v. Hogan, 549 So.2d 267 at page 273 (La.1989).
In the present case, plaintiff filed her rule for an increase in alimony on March 10, 1988 and the trial court set the hearing date for April 19, 1988. However, on April 13, 1988, because defendant had not yet been served with process, plaintiff requested that the hearing date be refixed in order to attempt to serve the defendant and give him sufficient time to respond. The court refixed the hearing on the rule to May 31, 1988. Defendant was served with the petition on April 15, 1988. At the hearing on May 31, 1988, plaintiff's request for an increase in alimony was denied by the trial court. For this reason, no evidence was presented as to whether there was any good cause for not making the award of permanent alimony retroactive to the filing date of plaintiff's rule for an increase in permanent alimony. We have reversed the trial court's judgment and granted plaintiff an increase in permanent alimony. Since there is no evidence in the record for us to review to determine whether there was any good cause for not making the award of permanent alimony retroactive, in the interest of justice we will remand the matter to the trial court for a hearing on this issue.
For the foregoing reasons, we reverse the judgment of the trial court and render judgment in favor of plaintiff and against defendant ordering him to pay plaintiff permanent alimony of $256.62 per month. The matter is remanded to the trial court with instructions to immediately hold a hearing to determine if there is any good cause why this monthly increase in permanent alimony should not be made retroactive to the date of the filing of plaintiff's petition for an increase in permanent alimony. All costs of the trial and appellate court are taxed to defendant-appellee with further costs of the trial court to await fixing after a hearing on remand.
REVERSED, RENDERED, AND REMANDED WITH INSTRUCTIONS.