485 So.2d 553 (1986)
Thomas J. TOBIN, III
v.
Lorena THOMPSON.
Nos. 85-CA-668, 85-CA-669.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1986.
*554 Robert McComiskey, Osborne & McComiskey, New Orleans, for plaintiff-appellant.
Kim A. Gandy, New Orleans, for defendant-appellee.
Before KLIEBERT, BOWES and GAUDIN, JJ.
GAUDIN, Judge.
On September 5, 1985, a judgment of the 24th Judicial District Court reduced the child support payments of Thomas J. Tobin III, from $900.00 monthly to $600.00, effective the date the rule was heard.
Tobin appeals from this decree, contending the trial judge erred (1) in not lessening child support to $450.00 per month and (2) in not making the reduction effective the day the rule to reduce was filed. We affirm.
The $900.00 figure was set when the two Tobin children were under 18 years of age and living with their mother, Lorena, presently married to Edward Greenleaf. Now, one of the children is over 18 and residing with his father. Accordingly, Tobin argues, his child support should be reduced 50 per cent for Steven, the eight-year-old living with Mrs. Greenleaf.
When the rule to reduce was heard, Mrs. Greenleaf testified that she had a net income of $1,318.00 per month, that Mr. Greenleaf's monthly net income was $850.00 and that it took $1,121.00 monthly to pay Steven's expenses. Tobin has a net income of $2,647.00 each month and his current wife, Mary, earns $760.00 net.
Thomas J. Tobin IV is the 18-year-old residing with his father. He is employed and working toward his G.E.D. In his "Reasons for Judgment," the trial judge did not indicate that he considered either the expenses or income of the eldest son in arriving at the reduced child support figure. Regardless, we note that LSA-R.S. 9:309 is not applicable as Tommy was not, as the statute requires, a full time student in a secondary school.
The "Reasons" did state that while the costs of maintaining Steven totaled $1,121.00 a month, a "... large portion of these expenses are attributable to house notes, flood insurance, car, etc...." and that "... to a large extent these expenses would have incurred whether Steven is living at home or not."
Considering these figures and related circumstances, we agree with appellant that $600.00 for Steven's support and maintenance is high. An amount approximating $500.00 would seem more appropriate, but we cannot say that $600.00 was beyond the wide discretion given to trial judges in the setting of child support.
Regarding Tobin's second assignment of errori.e., the reduction should have been made retroactive to the date the motion to reduce was filedhe argues that LSA-R.S. 9:310 makes the reduction effective the time the motion was filed because there was no articulated finding of good cause as necessitated by the statute. R.S. 9:310 states in pertinent part:
"An order for child support ... shall be retroactive to the filing date of the petition for child support ... granted in the order ...
"In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due."
(Underlining provided.)
Tobin's position is that the trial judge must find and state good cause, otherwise the reduction must be retroactive to the filing date of the motion. We do not agree.
First of all, when the trial judge does not make the reduction retroactive to the motion's filing date, it is presumed that he found good cause to do otherwise. Here, it is likely that the trial judge felt that a reduction going back to the motion's filing day would act as a severe burden on the mother. Also, the trial judge may have considered the effective date of the reduction *555 in arriving at the new child support amount.
In any event, appellant did not ask the trial judge to provide the statutory "good cause," a right a litigant has under LSA-C. C.P. art. 1917, which in pertinent part says:
"In all appealable contested cases, other than those tried by a jury, the court when requested to do so by a party shall give in writing its findings of fact and reasons for judgment, provided the request is made not later than ten days after the signing of the judgment."
Accordingly, we hold (1) that R.S. 9:310 does not make it mandatory for the trial judge to give, either orally or in the formal judgment, his reasons for finding good cause and therefore not making the reduction retroactive to the filing date of the motion to reduce, (2) that a finding of good cause is presumed if the reduction is not retroactive to the motion to reduce's filing date and (3) that if reasons are not given for not making the reduction fully retroactive, an affected litigant should request that the trial judge articulate his good cause findings if he or she wishes to later assert on appeal that good cause was not adequately shown and that the trial judge erred in finding to the contrary.
For these reasons, the appealed-from judgment is affirmed with appellant to pay costs.
AFFIRMED.