503 So.2d 55 (1987)
Sandra Faye Burch, Wife of Michael Joseph CANTILLO
v.
Michael Joseph CANTILLO.
No. 86-CA-510.
Court of Appeal of Louisiana, Fifth Circuit.
February 9, 1987.
William V. Dunne, Westwego, for plaintiff-appellant.
Michael K. Heltz, Gramercy, for defendant-appellee.
Before CHEHARDY, GAUDIN and DUFRESNE, JJ.
GAUDIN, Judge.
On June 3, 1986, the following judgment was rendered in the 40th Judicial District Court:
"... it is the opinion of the Court that, in view of the stipulations that the minor child was born of this marriage, Sandra Cantillo is awarded child support in the amount of $200.00 per month effective June 15th with payments to be made at the rate of 1/2 each 15 days.
"Mrs. Cantillo shall enjoy the benefit of income tax deduction for the minor child *56 and Michael Cantillo shall have reasonable visitation rights of no less then 1 full Sunday per month from 9:00 am. until 5:00 p.m."
From this judgment, Mrs. Cantillo has appealed, contending:
(1) The judgment should have specified that she was granted a divorce and given permanent care, custody and control of this couple's minor child;
(2) The judgment should have ordered child support payments to start the date the petition for divorce was filed or, in the alternative, to start on June 3, 1986 in accord with LSA-R.S. 9:399; and
(3) The child support of $200.00 monthly is not adequate.
Mr. Cantillo agrees that, with regard to the first specification of error, the judgment was incomplete. We will therefore remand with instructions to the district judge to immediately render a judgment of divorce in Mrs. Cantillo's favor and to grant her the permanent care, control and custody of the minor child born of this marriage, Megan Faye Cantillo.
Also, the child support payments should have been started on June 3, 1986. The wording of R.S. 9:399 is mandatory.
The trial judge could have ordered payments to commence earlier than June 3rd as LSA-R.S. 9:310(A) vests him with that authority. However, Sec. C of the statute states:
"In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due."
The district judge did not assign reasons for not making the child support order retroactive and he was not requested to give any reasons. We cannot say the court's discretion was abused. See Tobin v. Thompson, 485 So.2d 553 (La.App. 5th Cir.1986), in which the court held (1) that R.S. 9:310 does not make it mandatory for the trial judge to give, either orally or in the formal judgment, his reasons for finding good cause and therefore not making the reduction retroactive to the filing date of the motion to reduce (or, as in the instant case, the motion to set child support), (2) that a finding of good cause is presumed if the reduction is not retroactive to the motion to reduce's filing date and (3) that if reasons are not given for not making the reduction fully retroactive, an affected litigant should request that the trial judge articulate his good cause findings if he or she wishes to later assert on appeal that good cause was not adequately shown and that the trial judge erred in finding to the contrary.
Both Mr. and Mrs. Cantillo are employed. He earns $1,286.92 net per month and she has a monthly net income of $1,163.00. After paying child support, Mr. Cantillo's income drops to $1,003.00 while Mrs. Cantillo's increases to $1,363.00 or to $1,203.00 if the monthly baby-sitting fee is taken into account. In any event, the $200.00 figure is within the trial judge's wide discretion.
For these reasons, we affirm the child support award of $200.00 monthly and we remand to the district court for an immediate rendition of a judgment ordering (1) a divorce in Mrs. Cantillo's favor, (2) permanent care, custody and control of Megan Faye Cantillo be given to Mrs. Cantillo and (3) child support payments to start on June 3, 1986. Each party is to bear his or her costs of this appeal.
AFFIRMED IN PART AND REMANDED.