521 So.2d 1255 (1988)
Lovina Blair SIMON, Plaintiff-Appellee,
v.
Watson SIMON, Defendant-Appellant.
No. 87-123.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1988.
Rehearing Denied April 11, 1988.
Writ Denied June 2, 1988.
Louis M. Corne, Lafayette, for defendant-appellant.
J. Michael Placer, Lafayette, for plaintiff-appellee.
Before FORET and DOUCET, JJ., and SWIFT,[*] J. Pro Tem.
*1256 G. WILLIAM SWIFT, Jr., Judge Pro Tem.
This appeal presents two main issues: (1) whether net or gross income should be used to determine the paying spouse's income under an alimony decree; and (2) when a trial court reduces an alimony decree must it be made retroactive to the date of the filing of the motion to reduce or can the court choose another date based upon good cause without stating its reasons.
Watson and Lovina Simon were divorced on October 8, 1984, with Watson ordered to pay to Lovina alimony in the amount of $466.00 per month and, additionally, ordered to maintain medical and dental insurance on his ex-wife. Thereafter, Watson moved for a reduction in alimony payments when his salary was decreased by fifty percent. Lovina filed a contempt rule based on Watson's failure to obtain the previously ordered insurance. After a hearing on September 15, 1986, the trial court found Watson's circumstances required a reduction in alimony to one-third of his current net income and it further ordered a rescission of the prior insurance order and denied the contempt rule. In the formal judgment these orders were made retroactive to September 17, 1986, the date the written reasons were rendered.
Watson appealed, contending the court erred in not making the judgment retroactive to the date the motion to reduce the alimony was filed. Lovina answered Watson's appeal asserting the following errors: reducing the alimony; rescinding the order to maintain medical and dental insurance; denying her motion for contempt; and requiring her to share the costs of court. We affirm.
When the October 1986 judgment was rendered, Watson was a boat captain earning $145.00 a day with Lovina included on his medical insurance policy. In early 1986 Watson was notified by his employer that his wife would be dropped from the policy. Watson then contacted several insurance agents trying to find an insurer who would cover Lovina. Unfortunately, only one insurance company would accept her as she had several chronic pre-existing illnesses. However, he was unable to obtain this coverage as the premium amounted to $498.00 per month.
Subsequently, Watson received notice from his employer that he was being demoted to deckhand and would suffer a cut in pay from $145.00 to $65.00 a day. This occurred through no fault of his own, but resulted from the general decline in the oilfield business. Watson then contacted his attorney, and the motion to reduce alimony was filed on June 30, 1986.
In the interim Lovina incurred over $6,000.00 in medical bills from her illnesses. Watson procured a loan to pay for these medical bills. Thereafter, up to the hearing, Lovina incurred an additional $17,000.00 in medical bills, which remain unpaid.
In a minute entry stating his written reasons for judgment, the trial judge concluded that:
(1) The change in Watson's financial condition justified a reduction in alimony;
(2) Watson's net income was $877.45 a month and one-third of this was $292.48;
(3) Watson was in good faith in attempting to locate medical insurance for Lovina and was not in contempt;
(4) Watson was no longer able or required to keep medical insurance on Lovina; and
(5) The costs of the trial be shared equally between the parties.
Although the record is silent on the subject, the trial judge changed and initialed the formal judgment submitted to make it retroactive to September 17, 1986, two days after the hearing when his written reasons were rendered.

REDUCTION IN ALIMONY
A substantial reduction in the payer spouse's salary is a sufficient change in circumstances to warrant a reduction in alimony payments. Vesper v. Vesper, 469 So.2d 458 (La.App. 3 Cir.1985). The trial judge indicated his reasons for selecting to use Watson's net income rather than the gross income. He stated:

*1257 "Concerning the amount, La.C.C. Art. 160 limits the amount which a former spouse may be required to pay in alimony to one-third of his or her income. `Income' as used in this article has been interpreted by several courts to require the trial judge to consider both gross and net income. But although gross income may be the proper figure in some cases, the amount awarded is determined in light of all the circumstances of the particular record. Firstley v. Firstley, 427 So.2d 76 (La.App. 4th Cir.1983). In Johnson v. Johnson, 452 So.2d 322 (La. App. 4th Cir.1984), the court used the payor spouse's net income, finding that he had no control over the payroll deductions from his gross salary.
Accordingly, in the present matter this Court finds that the change of circumstances requires a reduction in alimony to an amount not to exceed one-third of Mr. Simon's net income."
We cannot say that he abused his wide discretion in this regard.

MAINTENANCE OF MEDICAL INSURANCE AND CONTEMPT
As to Watson's failure to maintain medical insurance on Lovina the trial judge stated:
"Concerning the rule for contempt, it is first noted that Mr. Simon had been ordered by this Court several times to maintain medical insurance on Lovina Simon. However, after due consideration, the Court feels that Mr. Simon did make inquiries as to obtaining insurance coverage in good faith, but due to his change in circumstances was simply not able to fulfill the obligation. The Court is of the opinion that the loss of prior coverage through his employer was not caused by any action or inaction on the part of Mr. Simon, and realizes that obtaining insurance is not a unilateral act solely within one party's control. Due to Mrs. Simon's considerable health problems, it may be impossible, if not economically infeasible, for insurance to be obtained. Therefore, this Court finds Mr. Simon not in contempt of court, and attorney fees are denied."
Likewise, we find no manifest error in this discretionary ruling of the trial judge.
EFFECTIVE DATE OF JUDGMENT
La.R.S. 9:310 provides:
"A. An order of child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order.
B. Any support of any kind provided by the judgment debtor from the date the petition for support is filed to the date the support order is issued to or on behalf of the person for whom support is ordered, shall be credited to the judgment debtor against the amount of the judgment.
C. In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due."
In Tobin v. Thompson, 485 So.2d 553 (La.App. 5 Cir.1986), the husband appealed a trial court judgment reducing his child support payments because the judgment was not made retroactive to the date of the filing of the motion to reduce. The court said:
"Tobin's position is that the trial judge must find and state good cause, otherwise the reduction must be retroactive to the filing date of the motion. We do not agree.
First of all, when the trial judge does not make the reduction retroactive to the motion's filing date, it is presumed that he found good cause to do otherwise. Here, it is likely that the trial judge felt that a reduction going back to the motion's filing day would act as a severe burden on the mother. Also, the trial judge may have considered the effective date of the reduction in arriving at the new child support amount.
In any event, appellant did not ask the trial judge to provide the statutory `good cause,' a right a litigant has under LSA-C.C.P. art. 1917, which in pertinent part says:

*1258 `In all appealable contested cases, other than those tried by a jury, the court when requested to do so by a party shall give in writing its findings of fact and reasons for judgment, provided the request is made not later than ten days after the signing of the judgment.'
Accordingly, we hold (1) that R.S. 9:310 does not make it mandatory for the trial judge to give, either orally or in the formal judgment, his reasons for finding good cause and therefore not making the reduction retroactive to the filing date of the motion to reduce, (2) that a finding of good cause is presumed if the reduction is not retroactive to the motion to reduce's filing date and (3) that if reasons are not given for not making the reduction fully retroactive, an affected litigant should request that the trial judge articulate his good cause findings if he or she wishes to later assert on appeal that good cause was not adequately shown and that the trial judge erred in finding to the contrary."
See also, Cantillo v. Cantillo, 503 So.2d 55 (La.App. 5 Cir.1987). The situation in the present case is quite similar to Tobin and Cantillo, and we see no sound reason to deviate from their interpretation of LSA-R.S. 9:310. Accordingly, we must apply the presumption and conclude that the trial judge found good cause for fixing the effective date of the judgment.

ASSESSMENT OF COURT COSTS
The trial judge cast both parties with equal shares of the cost of trial. This was done primarily because both parties had motions before the court. It is well settled that the trial judge has great discretion in the assessment of court costs. Sharbono v. H & S Construction Co., 478 So.2d 779 (La.App. 3 Cir.1985); Johnson v. Bucyrus-Erie Co., 476 So.2d 1074 (La.App. 3 Cir.1985).
For the foregoing reasons the judgment of the trial court is affirmed. The costs of this appeal are assessed to the appellant, Watson Simon.
AFFIRMED.
NOTES
[*] Judge G. William Swift, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.