562 So.2d 464 (1990)
Robert N. FLEISHMANN
v.
Dale Rosenzweig FLEISHMANN, Wife of Robert N. Fleishmann.
No. 89-CA-816.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1990.
*465 Reed & Reed, Floyd J. Reed, New Orleans, for appellant.
Hall, Lentini, Mouledoux & Wimberly, S. Guy deLaup, Metairie, for appellee.
Before CHEHARDY, DUFRESNE and WICKER, JJ.
CHEHARDY, Chief Judge.
This child support case is again before us on appeal, following a remand for an evidentiary hearing we ordered on the previous appeal, Fleishmann v. Fleishmann, 538 So.2d 306 (La.App. 5 Cir.1989). Both appeals arise from a 1987 rule by the custodial parent, Mrs. Dale Fleishmann, for an increase in the amount of child support payable by her former husband, Robert Fleishmann, for the support of their minor daughter. (The couple also have two sons, both of whom were over 18 by 1987.)
Because the facts of this case are set forth in our prior opinion, we need not repeat them in detail. The support provisions of the parties' divorce judgment required Mr. Fleishmann to pay child support in the amount of $500 per month per child, to provide medical insurance for the children, to pay one-half of their medical and dental expenses not covered by insurance, minus deductibles, and to make the children beneficiaries of his life insurance policies. Following the rule to increase, in a judgment rendered on February 11, 1988, the district court awarded Mrs. Fleishmann an increase of $250, effective the date the rule was heard, making the monthly total cash support payment $750.
Mrs. Fleishmann appealed, arguing the court erred in failing to consider evidence of Mr. Fleishmann's second wife's contributions to the expenses of his second marriage and in failing to make the increase retroactive to the date her rule was filed. This court concluded that, although Mr. Fleishmann and his present wife, Ellen Fleishmann, have a prenuptial agreement under which they are separate in property, the trial court should have allowed evidence of the extent to which the second wife contributes to the expenses of their marriage.
We vacated the judgment and remanded the matter for the limited purpose of receiving evidence relative to the second wife's contributions to the expenses of the second marriage and for decision accordingly. Following remand and presentation of the additional evidence, the trial court (with a different judge presiding) rendered judgment again awarding Dale Fleishmann an increase of $250, to $750, retroactive to December 17, 1987 (the date of the original hearing on the rule to increase).
Mrs. Fleishmann has appealed. As on the prior appeal, she asserts the trial court erred in failing to award a greater increase and in failing to make the judgment retroactive to May 19, 1987, the date of judicial demand. Mr. Fleishmann states he has answered the appeal for the purpose of contesting the $250 increase. As on the prior appeal, however, we find no answer to the appeal, either in the record lodged here or in this court's docket books.

VALIDITY OF INCREASE
To obtain an increase or reduction in the amount of child support, the party seeking the change must prove there has *466 been a substantial change of circumstances that would justify the change sought. See, e.g., Ducote v. Ducote, 339 So.2d 835 (La. 1976); Duhe v. Duhe, 466 So.2d 595 (La. App. 5 Cir.1985).
Although Mrs. Fleishmann testified that their daughter's expenses have increased, she gave no specific evidence to compare the 1987 expenses with prior expenses. Rather, her primary argument for an increase is that Mr. Fleishmann, having been relieved of an additional $500 per month in child support payments by their second son's reaching the age of 18 and by the cessation of certain other expenses, has more income available to him to pay on behalf of their daughter's support.
On her expense list submitted in the first trial of the rule, Mrs. Fleishmann listed the monthly expenses for her daughter (then 15 years old) as $1,633.95, comprising the following:

Rent (½) $ 425.00
Utilities (½) 213.00
Food 145.50
Medical/Dental 42.19
Gasoline (½) 2.82
Car Repairs (½) 109.50
Books 6.00
Field trips 25.00
Meals [school] 20.00
Clothing 202.35
Laundry 6.00
Personal and Grooming 224.62
Household supplies (½) 117.82
Church (½) 14.15
Maid (½) 80.00
 _________
Total $1,633.95

"In determining the amount of child support to be awarded, a portion of general household expenses such as, mortgage payments, food, utilities, etc. may be attributed to the child's needs as well as those expenses which are exclusively for her." Stagg v. Stagg, 436 So.2d 1202, 1206 (La. App. 4 Cir.1983).
"[I]f the non-custodial parent experiences a significant increase in income, the child may be entitled to share in that increase because he or she would benefit from it if they lived with the non-custodial parent." Id., at 1206.
Mrs. Fleishmann listed her monthly income as $970.83 per month. Self-employed as a real estate broker and real estate appraiser, and part-owner of a construction company, she stated her income had dropped drastically in the preceding two years due to the decline in the local real estate market. She listed her personal monthly expenses as $2,388.91. She had assets in cash, stocks, and real estate totaling $179,500 and liabilities totaling $110,500, giving her a net worth of $69,000. She said she had been making up the difference between her income and expenses by draining her savings.
Evidence adduced at the first hearing on the rule to increase indicated that Mrs. Fleishmann, either personally or through her businesses, owns or has an interest in several pieces of real estate and rental properties. Her primary cash savings was $42,500 received from Mr. Fleishmann in the community property settlement, when she transferred her interest in their former home to him. Since their separation Mrs. Fleishmann had purchased a $17,000 used Mercedes-Benz automobile and a $1,300 Cartier wristwatch.
At the time of the 1987 rule, Mr. Fleishmann had been remarried to his present wife for only a few months. Employed as an engineer, his monthly income after taxes was $2,927. He listed personal monthly expenses of $2,945. In addition he was paying child support of $500 per month cash and $199 per month for medical insurance and for unreimbursed medical expenses for his daughter, or $699 total monthly child support. He listed his assets as $196,150 and his liabilities as $135,406, giving him a net worth of $60,744.
At the hearing on remand following the prior appeal, evidence was presented regarding the income of Mr. Fleishmann's present wife, Ellen Fleishmann. We consider most of the evidence adduced irrelevant for our purposes; the point of the remand was not to discover the extent of Ellen Fleishmann's assets, but to discover *467 to what extent Mr. Fleishmann's expenses are reduced by her contributions, in order to determine what portion of his income is available for child support.
Mrs. Ellen Fleishmann testified that, since their marriage, she and Mr. Fleishmann have lived in a double house she owns; the income produced by rental of the other half of the house pays the mortgage note. She also testified that her contribution to the expenses of their marriage is "about 50%." No specific information was offered regarding their living expenses, other than Mr. Fleishmann's expense list from the prior hearing.
Other evidence taken at the first hearing indicated that Mr. Fleishmann and his present wife live a comfortable lifestyle, with skiing vacations, etc.
In the Reasons for Judgment rendered following the hearing on remand, the trial judge pointed out that he was not the original trial judge who made the support award. He also stated,
"This Court, after hearing the testimony, receiving the evidence of the second wife's earning, income and financial condition did the following:
1. Compared the income of Mrs. Ellen Fleishmann to Mr. Robert Fleishmann.
2. Compared the expenses of each to the expenses of the marriage.
3. Allocated a percentage of the expenses of the marriage between Ellen Fleishmann and Robert Fleishmann to Mrs. Ellen Fleishmann.
4. Reviewed the expenses charged to Mrs. Fleishmann in relationship to his income.
and awards child support to Mrs. Dale Rosenzweig Fleishmann in the amount of $750.00 per month for the support of their minor child."
Both parties claim to have expenses in excess of their incomes; both parties have substantial assets and substantial debts; both parties live comfortable lifestyles; both parties have contributed to the continuing support of their major sons, who were college students at the time this rule was filed.
The $250 increase means Mr. Fleishmann now is obligated for approximately $949 monthly child support for his daughter, including medical insurance and other medical expenses. We note that this amount is greater than the amount suggested either by the child support guidelines of the 24th Judicial District Court or by the new guidelines for determining child support set forth in LSA-R.S. 9:315, et seq., which were not in effect at the time this proceeding was instituted.
Considering the great weight we must accord the discretion of the trial judge, on the evidence presented we cannot say the trial judge abused his discretion in awarding the $250 increase.
Mrs. Fleishmann also argues that the trial judge was laboring under a mistaken impression regarding her motivations and attitude during the hearing, pointing to comments made by the judge in an unrelated hearing several weeks after the judgment now before us was rendered. She contends he would have ruled differently had the case come back before him at that time. These remarks do not change our decision, however. Although the judge did comment that he believed Mrs. Fleishmann's actions were motivated by love for her children rather than by spite against her former husband and his present wife, the judge did not indicate that he wished to change the amount of child support previously awarded.

RETROACTIVITY OF INCREASE
LSA-R.S. 9:310 states that an order for child support shall be retroactive to the filing date of the petition for such support, with credit allowed to the judgment debtor for any payments made between the date of the filing and the date of the order granting the support. The statute provides further, "In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due."
The district court set the effective date of the alimony award in this case as December 17, 1987, which was the date on *468 which the rule was originally heard. The trial judge gave no reasons for failing to make the award retroactive to the date the petition for increase was filed, May 19, 1987. Mrs. Fleishmann contends the court erred.
In the absence of good cause to make the increase effective on another date, the plaintiff-in-rule is entitled to receive the increase retroactive to the filing date. Broussard v. Broussard, 532 So.2d 281 (La.App. 3 Cir.1988). However, "when the trial judge does not make the reduction retroactive to the motion's filing date, it is presumed that he found good cause to do otherwise." Tobin v. Thompson, 485 So.2d 553, 554 (La.App. 5 Cir.1986).
In the Tobin case we held that R.S. 9:310 does not make it mandatory for the trial judge to give his reasons for finding good cause not to make a reduction (and, by analogy, an increase) in child support retroactive. We also ruled that, "if reasons are not given for not making the reduction fully retroactive, an affected litigant should request that the trial judge articulate his good cause findings if he or she wishes to later assert on appeal that good cause was not adequately shown and that the trial judge erred in finding to the contrary." Id., at 555.
Under the circumstances, we cannot say the trial court abused its discretion in making the increase retroactive to December 17, 1987, rather than to May 19, 1987.
For the foregoing reasons, the judgment of the district court is affirmed. Each party is to pay his or her own costs.
AFFIRMED.