CHEHARDY, Chief Judge.
This case has been remanded to us by the Supreme Court in response to the writ application of Dale Rosenzweig Fleish-mann, who was the appellant when the case was before this Court. 567 So.2d 601. In our prior opinion we affirmed the district court’s judgment, which fixed child support in the amount of $750 per month retroactive to December 17, 1987, the date of the original hearing on Mrs. Fleish-mann’s rule for increase in child support. Fleishmann v. Fleishmann, 562 So.2d 464 (La.App. 5 Cir.1990), writ granted, 567 So.2d 601.
Among other things, Mrs. Fleishmann contends the child support award should have been made retroactive to the date her petition for increase was filed, May 19, 1987. In granting Mrs. Fleishmann’s application for writ of certiorari and/or review, the Supreme Court stated:
“Granted. Remanded to the court of appeal for reconsideration of the effective date of commencement of the increase in child support in light of Hogan v. Hogan, 549 So.2d 267 (La. 1989). Otherwise, denied.”
In Hogan v. Hogan, supra, the Supreme Court discussed the applicability of LSA-R.S. 9:310 to an appellate court order modifying or replacing a trial court’s support order. The court stated, at 270-271:
“La.R.S. 9:310 provides that an order for child support or alimony shall be retroactive to the filing date of the petition therefor, unless the court finds good cause for not making the award retroactive, in which case the court may fix the date such award shall become due. These principles apply directly and fully to an appellate court order modifying or replacing a trial court’s support order. ⅜! ⅝ ⅝ ⅝ ⅜! ⅝
The exercise of this power [to decide factual issues de novo ] by an appellate court is limited, however, by the jurisprudential rule of practice that a trial court’s alimony or child support order will not be reversed except for abuse of discretion. * * * But when the Court of Appeal decides that the trial court abused its discretion, it is required to assess the evidence anew from the record and render a judgment on the merits as if it were a trial court, rather than to remand the case for further proceedings below.
Accordingly, when a Court of appeal properly finds that the trial court abused its discretion and substitutes its judgment for the trial court’s alimony or child support order, the appellate court performs the function of a trial court and *168 must be guided by the precepts of La. R.S. 9:310. * *
The court held that “if a court of appeal finds that the trial court abused its discretion and proceeds to make a de novo determination on the merits that alimony [child support] should be modified, its decision is governed by the provisions of La.R.S. 9:310 and should be retroactive to the filing date of the petition for alimony [child support], unless there is good cause to bar such retroactivity and fix a different effective date.” Hogan, supra, at 274.
In our opinion in the case at bar, we made no de novo finding, but examined the evidence and concluded the district court had not abused its discretion in the award. Regarding the district court’s decision to make the increase retroactive only to the date of the hearing rather than to the date of filing, we followed a prior case emanating from this court, Tobin v. Thompson, 485 So.2d 553 (La.App. 5 Cir.1986). There we held that when the trial judge does not make a modification retroactive to the motion’s filing date, it is presumed he found good cause to do otherwise. Further following Tobin, we also stated that if the judge does not give reasons for not making the modification retroactive, an affected litigant should request that the trial judge articulate his good cause findings if that litigant wishes to assert on appeal that good cause was not adequately shown and that the trial judge erred in finding to the contrary. We concluded the trial court had not abused its discretion in making the increase retroactive to December 17, 1987, rather than to May 19, 1987.
Reviewing this conclusion in light of the Hogan case, as instructed by the Supreme Court, we find no discrepancy, disparity, or reason to change it. We found no abuse of discretion by the trial court, therefore we made no de novo assessment of the evidence or ruling thereon, and the principle enunciated in the Hogan case was not applicable to our decision. Further, absent specific instructions from the Supreme Court, we see no basis to change our ruling in Tobin, which we consider still applicable to the case at bar.
For the foregoing reasons, we affirm our opinion of May 16, 1990.
PRIOR OPINION AFFIRMED.