WICKER, Judge.
This appeal arises from a judgment making past due child support executory in the amount of $7,000.00. The parties stipulated this amount was owed only if the child support award were to be applied retroactively to the date of judicial demand rather than from the date of the judgment awarding child support. The trial court in addressing this issue concluded the prior judgment rendered by a different trial judge had retroactive effect. We affirm.
The original judgment awarding child support was rendered October 24, 1990 by Judge Charles Cusimano. The matter was originally heard October 9, 1990 and the judgment stated in pertinent part:
IT IS ORDERED, ADJUDGED AND DECREED THAT:
Ann Leslie Clinton Lavin be and she is hereby ordered to pay to John L. Clinton child support in the sum of THREE HUNDRED FIFTY AND NO/100 ($850.00) DOLLARS per month payable on the first day of each month.
The judgment was silent as to the effective date. In this case the date of judicial demand was February 23, 1989. It is Mr. Lavin’s contention that a judgment silent as to the commencement date is retroactive to the date of judicial demand. Ms. Lavin filed an exception of res judicata. Counsel for Mr. Clinton stated at the hearing:
I entirely agree with that exception except that it doesn’t bar the action. What I am seeking to do is an enforcement of the judgment and a proper understanding of the judgment pursuant to the statute [La.R.S. 9:310].
The trial judge evidently took the position the present action was not barred. We agree since the previous judgment only awarded child support; the action for ar-rearages was not litigated nor determined and the cause of action did not exist at the time. La.R.S. 13:4231.
Appellant raises the following specifications of error:
1. The trial court erred in holding that the child support judgment signed October 24, 1990, should be made retroactive, and
2. The trial court erred in granting judgment to appellee making child support executory in the amount of $7,000.00 plus interest and attorney’s fees.
Appellee argues the wording of La.R.S. 9:310 automatically makes a child support order retroactive to the date of judicial demand when that judgment is silent as to the effective date.
La.R.S. 9:310 A provides:
An order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order.
La.R.S. 9:310 C provides:
In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due.
In Tobin v. Thompson, 485 So.2d 553 (La.App. 5th Cir.1986) we considered an appeal from a judgment awarding child support which had not been made retroactive to the date of filing. The appellant in Tobin argued under La.R.S. 9:310:
that the trial judge must find and state good cause, otherwise the reduction must be retroactive to the filing date of the motion[.]
Id. at 554.
We disagreed with that assertion and explained:
First of all, when the trial judge does not make the reduction retroactive to the motion’s filing date, it is presumed that he found good cause to do otherwise. Here, it is likely that the trial judge felt that a reduction going back to the motion’s filing day would act as a severe *713 burden on the mother. Also, the trial judge may have considered the effective date of the reduction in arriving at the new child support amount.
In any event, appellant did not ask the trial judge to provide the statutory “good cause,” a right a litigant has under LSA-C.C.P. art. 1917, which in pertinent part says:
“In all appealable contested cases, other than those tried by a jury, the court when requested to do so by a party shall give in writing its findings of fact and reasons for judgment, provided the request is made not later than ten days after the signing of the judgment.”
Accordingly, we hold (1) that R.S. 9:310 does not make it mandatory for the trial judge to give, either orally or in the formal judgment, his reasons for finding good cause and therefore not making the reduction retroactive to the filing date of the motion to reduce, (2) that a finding of good cause is presumed if the reduction is not retroactive to the motion to reduce filing date and (3) that if reasons are not given for not making the reduction fully retroactive, an affected litigant should request that the trial judge articulate his good cause findings if he or she wishes to later assert on appeal that good cause was not adequately shown and that the trial judge erred in finding to the contrary.
Id. at 554-555. See also Cantillo v. Cantillo, 503 So.2d 55 (La.App. 5th Cir.1987).
In Fleishmann v. Fleishmann, 562 So.2d 464 (La.App. 5th Cir.1990) we applied the Tobin presumption that when the trial judge does not make the award retroactive he is presumed to have good cause to so deviate. Writs were granted by the Supreme Court in that case in Fleishmann v. Fleishmann, 567 So.2d 601 (La.1990) wherein the court stated at 601:
Remanded to the court of appeal for reconsideration of the effective date of commencement of the increase in child support in light of Hogan v. Hogan, 549 So.2d 267 (La.1989). Otherwise, denied.
On remand, we continued to follow the Tobin, supra presumption and writs were denied on the remand. Fleishmann v. Fleishmann, 570 So.2d 166 (La.App. 5th Cir.1990), writ denied, 573 So.2d 1121 (La.1991). On remand we explained at 167-168:
In Hogan v. Hogan, supra, the Supreme Court discussed the applicability of LSA-R.S. 9:310 to an appellate court order modifying or replacing a trial court’s support order. The court stated, at 270-271:
“La.R.S. 9:310 provides that an order for child support or alimony shall be retroactive to the filing date of the petition therefor, unless the court finds good cause for not making the award retroactive, in which case the court may fix the date such award shall become due. These principles apply directly and fully to an appellate court order modifying or replacing a trial court’s support order.
⅜ ⅝ ⅜ ⅜ #
The exercise of this power [to decide factual issues de novo ] by an appellate court is limited, however, by the jurisprudential rule of practice that a trial court’s alimony or child support order will not be reversed except for abuse of discretion.... But when the Court of Appeal decides that the trial court abused its discretion, it is required to assess the evidence anew from the record and render judgment on the merits as if it were a trial court, rather than to remand the case for further proceedings below....
Accordingly, when a court of appeal properly finds that the trial court abused its discretion and substitutes its judgment for the trial court’s alimony or child support order, the appellate court performs the function of a trial court and must be guided by the precepts of La.R.S. 9:310_”
The court held that “if a court of appeal finds that the trial court abused its discretion, and proceeds to make a de novo determination on the merits that alimony [child support] should be mod *714 ified, its decision is governed by the provisions of La.R.S. 9:310 and should be retroactive to the filing date of the petition for alimony [child support], unless there is good cause to bar such retroac-tivity and fix a different effective date.” Hogan, supra, at 274.
In our opinion in the case at bar, we made no de novo finding, but examined the evidence and concluded the district court had not abused its discretion in the award. Regarding the district court’s decision to make the increase retroactive only to the date of the hearing rather than to the date of filing, we followed a prior case emanating from this court, Tobin v. Thompson, 485 So.2d 553 (La.App. 5 Cir.1986). There we held that when the trial judge does not make a modification retroactive to the motion’s filing date, it is presumed he found good cause to do otherwise. Further following Tobin, we also stated that if the judge does not give reasons for not making the modification retroactive, an affected litigant should request that the trial judge articulate his good cause findings if that litigant wishes to assert on appeal that good cause was not adequately shown and that the trial judge erred in finding to the contrary. We concluded the trial court had not abused its discretion in making the increase retroactive to December 17, 1987, rather than to May 19, 1987.
Reviewing this conclusion in light of the Hogan case, as instructed by the Supreme Court, we find no discrepancy, disparity, or reason to change it. We found no abuse of discretion by the trial court, therefore we made no de novo assessment of the evidence or ruling thereon, and the principle enunciated in the Hogan case was not applicable to our decision. Further, absent specific instructions from the Supreme Court, we see no basis to change our ruling in Tobin, which we consider still applicable to the case at bar.
We find Tobin, Cantillo, and Fleish-mann distinguishable on the basis that the child support award was given with an effective date; the judgment was not silent as in the instant case. Additionally, we find Hogan v. Hogan, 549 So.2d 267 (La.1989) to be dispositive.
In Hogan the Louisiana Supreme Court considered:
whether a Court of Appeal judgment modifying a child support award should be given retroactive effect to the date of the trial court judgment or commencement of the trial court proceedings.
Id. at 269.
Initially, our court had reversed and rendered its own decree increasing a child support award in Hogan v. Hogan, 465 So.2d 73 (La.App. 5th Cir.1985), writ denied, Perez v. Hogan, 468 So.2d 1207 (La.1985). Later, the trial court determined the increase was retroactive to the date of the trial court judgment. The Louisiana Supreme Court held the appellate award “was a de novo determination on the merits and should be given retroactive effect to the date of the petition therefor.” Id. at 274. The court concluded that La.R.S. 9:310 was applicable. It further reasoned at 273:
That our substantive law abhors a gap in the support of one in need is plain from its establishment of alimony as a right in the interest of public order, insusceptible of renunciation, and when due to the child, enforceable conjointly against the parents. Accordingly, we believe that even prior to the enactment of La.R.S. 9:310 our law required, as a general rule, that court orders initiating or increasing alimony have effect retrospectively from the date of the order to at least the date relief was sought by petition or in answer to a suit to reduce or terminate alimony, [citations omitted].
The Louisiana Supreme Court therefore considered the interpretation by a trial court of an appellate decree which was silent as to the effective date. This situation is analogous to the present case. Additionally, the transcript of the previous hearing establishing the award was introduced. We agree with the trial judge’s conclusion there was no good cause shown to limit the retroactivity. La.R.S. 9:310 C.
*715 Accordingly, for the reasons stated the judgment making past due child support executory in the amount of $7,000.00 with interest, costs and attorney’s fees of $250.00 is affirmed.
AFFIRMED.