ARMSTRONG, Judge.
The appellant, Marie Espenan Kessel Schnexayder, is appealing the trial court’s denial of her rule for contempt and to make executory past due child support.
The record reflects that appellant and Gary John Kessel, the appellee herein were divorced by a judgment rendered on October *15 20, 1988. By that judgment Mrs. Schnexayl der was awarded physical custody of the' minor child and child support. Mrs. Sehnexr ayder filed a rule on October 28, 1988 tó. increase the child support. Thereafter, at a hearing on September 30, 1992, the parties entered into a consent judgment in which -’ Mr. Kessel’s obligation of child support was increased by $200.00 per month. Additionally, Mr. Kessel was ordered to pay seventy-eight per cent (78%) of all expenses incurred, for the minor child relating to school tuition, summer camp, tutoring and medical expenses not paid by insurance. The judgment was signed on October 7, 1992 but did not state an effective date for these increases.
Mrs. Schnexayder then filed a rule for contempt and to make past due child support executory on November 9, 1992: She argues that according to La.R.S. 9:310[1], the order for child support is automatically-retroactive to the date of judicial demand' where the judgment is silent as to the effective date.
Mr. Kessel, filed an exception of res judi-cata and a motion for sanctions against appellant’s attorney. He argues that the parties negotiated all of the issues, including retroactivity, before entering into the consent judgment which represents their final agreement. Mr. Kessel contends that the judgment is a clear and explicit contract which sets forth all of the child support obligations. The judgment does not reflect any intention to create retroactivity nor were any such rights reserved in the judgment.
The trial court denied Mrs. Sehnexayder’s rule for contempt and past due child support. The trial court also denied the exception of res judicata and the motion for sanctions filed by Mr. Kessel. In its oral reasons for judgment given at the hearing, the court believed that the consent judgment between the parties expressed their complete intent on the record. This appeal ensued.
In support of her claim that the child support award is retroactive when the judgment is silent, Mrs. Schnexayder cites the eases of Clinton v. Clinton, 598 So.2d 711 (La.App. 5th Cir.1992) and Ecklund v. Ecklund, 513 So.2d 383 (La.App. 4th Cir.1987). Mrs. Schnexayder also claims that the burden of proof was on Mr. Kessel to show that good cause existed so as to preclude the retroactivity of the increase. Broussard v. Broussard, 532 So.2d 281 (La.App. 3d Cir.1988).
A close reading of the Clinton case provides little support for Mrs. Schnexayder’s view. Although the court in Clinton agreed with the trial court that there was no good cause shown under LSA-R.S. 9:310(C) to limit the retroactivity of a judgment for child support, the court indicated that it would still adhere to its ruling in Tobin v. Thompson, 485 So.2d 553 (La.App. 5th Cir.1986). The Tobin court rejected the argument that the trial judge must find and state good cause, or otherwise the award is automatically retroactive. It held instead that the trial judge is not mandated to articulate reasons for finding good cause. Rather such a finding is presumed where the judge does not make the reduction in child support retroactive to the filing date of the motion. Supra, at p. 554-555.
Mr. Kessel contends that the retroac-tivity provisions of LSA-R.S. 9:310 are not applicable to this case because the child support award was the result of a stipulation between the parties. In order for a child support agreement to be enforceable, it must conform to the requirements of conventional obligations and must not be adverse to the purpose and intent of child support. Broussard v. Broussard, 617 So.2d 1187, 1189 (La.App. 4th Cir.1993); Hogan v. Hogan, 465 So.2d 73, 75 (La.App. 5th Cir.1985). In the instant case, the appellee’s support obligations to cover additional needs of the child actually increased, and thus the agreement is not adverse to the goals of child support.
*16 “A consent judgment is a bilateral contract wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss.” McDaniel v. McDaniel, 567 So.2d 748, 750 (La.App. 2d Cir.1990); Braning v. Braning, 449 So.2d 670 (La.App. 4th Cir.1984), La.C.C. art. 3071. It is well settled that “[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” Sharpe v. Sharpe, 536 So.2d 434, 437 (La.App. 4th Cir.1988). La.C.C. art. 2046.
The record reflects the fact that this consent judgment was arrived at after an extended series of negotiations and pre-trial preparations to litigate the issue of child support and that the subject of retroactivity was a part of those discussions. We find no manifest error in the trial court’s finding that the consent judgment represented the intent of the parties that the increase in the award was effective on the date the parties recorded their agreement into the court records, September 30, 1992.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. La.R.S. 9:310. Retroactivity of child support and alimony order
A. An order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order.
C. In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due.