681 So.2d 25 (1996)
John M. LANGLEY, M.D.
v.
Patricia M. LANGLEY.
No. 96-CA-0414.
Court of Appeal of Louisiana, Fourth Circuit.
September 18, 1996.
Writ Denied December 6, 1996.
*26 Theodore Wm. Nass, Nass, Wiebelt, Nass & Tiemann, Gretna, for Plaintiff/Appellant.
Theon A. Wilson, New Orleans, for Defendant/Appellee.
Before KLEES, PLOTKIN and WALTZER, JJ.
PLOTKIN, Judge.
In this appeal we consider whether the trial judge erred in reducing appellant's child support obligation by only $500 per month and in declining to apply the reduction retroactively. Finding that the trial judge did not abuse his considerable discretion in determining the support obligation, we affirm the reduction. Finding that good cause was not shown for making the reduction prospective only, however, we modify the judgment to make the reduction retroactive to the date of judicial demand.
John M. Langley, M.D., and Patricia M. Langley were married in September 1983. There are five children of the marriage: Keriann (born August 30, 1985), Catherine (born December 8, 1986), John (born July 20, 1988), Mark (born January 21, 1991), and Michael (born January 31, 1992). The parents were divorced on February 24, 1994.
A consent judgment was signed on March 25, 1994, which determined alimony, child support, custody, visitation, and laid the foundation for the division of the community property. In this judgment, Dr. and Ms. Langley agreed to the following: (1) they would share joint custody, (2) Ms. Langley was designated as the principal domiciliary parent, (3) Dr. Langley would have the opportunity to exercise visitation for ten days each month, (4) both parents would seek counseling, (5) Dr. Langley would pay Ms. Langley alimony in a lump sum disbursed as $4,500 payments each month for forty-eight months, (6) Dr. Langley would continue to provide medical insurance for the children through his employer, (7) Dr. Langley would pay one half of any extraordinary medical or dental expenses, and (8) Dr. Langley would *27 pay $5,500 per month in child support. The agreement also divided some of the community property and provided that Ms. Langley would own the family home.
Numerous motions for contempt followed as Dr. and Ms. Langley disputed visitation schedules, the distribution of personal effects, and the payment of support. Judgment was rendered on January 10, 1995, sentencing Dr. Langley to be confined in parish prison but allowing him to avoid imprisonment by honoring his support obligation, and ordering a wage assignment against him on account of his erratic payment history.
Dr. Langley then filed a motion to reduce his child support obligation on the basis that his income had been reduced from approximately $40,000 to $25,000 per month. After a two-day hearing on the motion, the trial court on September 19, 1995, reduced Dr. Langley's support obligation from $5,500 to $5,000 per month but ordered that the reduction not be applied retroactively. Dr. Langley appeals.
In his first assignment of error, appellant contends that the trial judge abused his discretion by insufficiently reducing Dr. Langley's support obligation. Specifically, appellant asserts that the trial judge did not properly consider several facts, including Dr. Langley's income and business expenses; Ms. Langley's income, alimony, and expenses; and the financial relief afforded to Ms. Langley by Dr. Langley's visitation. Appellee replies that the evidence presented at the hearing supports the trial judge's reduction of Dr. Langley's support obligation. We agree.
An award for support shall not be reduced unless the party seeking the reduction shows a change in the circumstances of one of the parties between the time of the previous award and the time of the motion for reduction of the award. La. R.S. 9:311. If the combined adjusted gross income of the parties exceeds the highest sum on the schedule of the Louisiana Child Support Guidelines, the court shall use its discretion in setting the amount of the basic support obligation. La. R.S. 9:315.10(B). A trial judge's order of child support is entitled to great weight and will not be disturbed on appeal absent a clear abuse of this considerable discretion. See Meyer v. Meyer, 371 So.2d 1304, 1305-06 (La.App. 4th Cir.), writ denied, 373 So.2d 546 (La.1979); see also Pearce v. Pearce, 348 So.2d 75, 78 (La.1977).
It is not disputed that the combined adjusted gross income of the parties exceeds the highest level specified in the schedule. Dr. Langley asserts that his child support obligation is excessive; Ms. Langley asserts that it is inadequate. Because the combined adjusted gross income of the parties exceeds the highest level specified in the guidelines, Dr. Langley contends that his support obligation should be determined by extrapolation from the last few entries in the schedule; Ms. Langley proposes an alternative means of extrapolation. Although both parties contend that the child support obligation should be determined by extrapolation beyond the guidelines, the governing statute says only that: "If the combined adjusted gross income of the parties exceeds the highest level specified in the schedule contained in R.S. 9:315.14, the court shall use its discretion in setting the amount of the basic support obligation, but in no event shall it be less than the highest amount set forth in the schedule."[1]Cf. Rosenbloom v. Rosenbloom, 94-1762, p. 7 (La.App. 4th Cir. 4/26/95), 654 So.2d 877, 880, writ denied, 95-1320 (La.9/1/95), 658 So.2d 1266. The trial judge determined that Dr. Langley had proved a diminution of income and that a $500 per month reduction in the support obligation was appropriate under the circumstances. Although Dr. Langley contends that the trial judge did not correctly weigh the evidence *28 before him in determining this reduction, Dr. Langley has not established that the trial judge abused his considerable discretion.
At the hearing, Dr. Langley presented evidence that his monthly income was reduced from approximately $37,000 per month between September 1993 and August 1994 to approximately $26,000 per month between September 1994 and August 1995. He presented evidence to suggest that this reduction was caused by a reduction in the available pool of funds used to compensate all staff physicians in the emergency room of Methodist Hospital, where he works approximately fourteen twelve-hour shifts each month. He presented evidence of numerous business expenses, which he alleged were necessary to his continued work in the emergency room. He did not introduce his tax records.
A review of the record reveals that Ms. Langley disputed Dr. Langley's reduction in income. Dr. Langley conceded that he terminated an additional position in the emergency room of West Jefferson Hospital when he separated from Ms. Langley. Dr. Langley's supervisor testified that Dr. Langley is not prohibited from performing work outside Methodist Hospital. Dr. Langley conceded that he pays his brother for the use of a novel and unperfected computerized medical transcription service as a business expense, which service is not used by any other physicians. Dr. Langley explained that an apparent increase in his income since the filing of his motion for reduction was the result of seasonal variation in the number of patients who seek emergency services.
Ms. Langley introduced evidence of her expenses, which Dr. Langley alleged were excessive. Ms. Langley explained that the children continued enrollment in private school, and received tennis, dance, and swimming lessons, as they had before the divorce. Dr. Langley alleged that Ms. Langley's expenses were significantly reduced during his visitation with the children. Ms. Langley alleged that Dr. Langley did not exercise his full right to visitation and challenged Dr. Langley's report of these expenditures.
After reviewing the evidence presented at the motion hearing and reviewing the record as a whole, we find no clear abuse of the trial judge's discretion. Dr. Langley contends, however, that abuse of discretion is made clear by the trial judge's failure to limit the scope of the hearing to wholly economic considerations. Instead, Dr. Langley complains, the trial judge permitted "considerable testimony to be elicited about the lifestyle of the children which lacked relevance since it is not germane to the income question."
This contention is without merit. The jurisprudence allows consideration of a child's standard of living in determining a child support obligation. See, e.g., Conner v. Conner, 594 So.2d 1039, 1042 (La.App. 3d Cir.1992). From his testimony at the motion hearing, Dr. Langley's primary objection to his support obligation appears to be that it permits Ms. Langley to reside in the $650,000 family home:
You know, if you looked at the real estate that the children enjoyed when we were married, the children really enjoyed a $650,000 home. After our divorce our total family economy has now increased its real estate holdings to a million dollars. If we contract our real estate holding to $600,000, then not only isthen there would be an equivalence between the maternal domicile and the paternal domicile. Right now there is no equivalence. I live in a house with carpet in the bathroom, that house has marble. My house has eight foot ceilings, her house has ten. I have carpet, she has hardwood floors.
However, Ms. Langley received the family home through the March 25, 1994 consent judgment. Moreover, Dr. Langley is not entitled to force Ms. Langley to liquidate the home so that his child support obligation may be reduced. See Zatzkis v. Zatzkis, 632 So.2d 307, 314 (La.App. 4th Cir.1993), writ denied, 94-0157 (La.6/24/94), 640 So.2d 1340 and 94-0993 (La.6/24/94), 640 So.2d 1341.
Accordingly, this assignment of error is without merit.
In his second assignment of error, Dr. Langley contends that the trial judge abused his discretion by declining to make the reduction in the support obligation retroactive to the filing of the motion for reduction. *29 An order for child support shall be retroactive to the filing date of the petition for child support granted in the order unless the court finds good cause for not making the award retroactive. La. R.S. 9:310(A), (C). A finding of good cause to make an award not retroactive to filing is presumed when not articulated in the reasons for judgment. See, e.g., Pendergrass v. Pendergrass, 94-1165, 94-1629, p. 9 (La.App. 4th Cir. 1/26/96), 667 So.2d 1213, 1218, writ denied, 96-0719 (La.4/26/96), 672 So.2d 908. A trial judge is not required to assign reasons justifying a finding of good cause to make an award not retroactive to filing; the payor spouse should request that reasons be assigned or clarified if he wishes to assert on appeal that the judge erred in finding that good cause was shown. See, e.g., Tobin v. Thompson, 485 So.2d 553, 555 (La.App. 5th Cir.1986). The trial judge is vested with considerable discretion in determining whether good cause exists to make an award not retroactive to filing. See, e.g., Holdsworth v. Holdsworth, 621 So.2d 71, 77-78 (La.App. 2d Cir.1993).
After the motion to reduce the support obligation was filed in August 1994, the matter was not heard until September 1995. Dr. Langley contends that good cause was not shown for making the award prospective only because Ms. Langley was responsible for all but one of the continuances in this matter. In his reasons for judgment, the trial judge found only that making the reduction retroactively would not be in the best interests of the children. Although the trial judge is vested with considerable discretion in this area, such a finding issued only with boilerplate language, without more, exceeds the authorization of La. R.S. 9:310. A review of the record reveals no circumstances to support a finding of good cause. Under the circumstances, we find that the trial judge abused his discretion in making the award prospective only. Accordingly, we modify the judgment to make the reduction retroactive to the date of judicial demand.
Accordingly, the reduction in Dr. Langley's child support obligation from $5500 to $5000 per month is affirmed. The judgment is modified to make the reduction retroactive to the date of judicial demand.
AFFIRMED AS MODIFIED.
NOTES
[1] Moreover, neither party has suggested a mathematically viable means of extrapolation. If this Court were to engage in such a highly speculative exercise, a helpful statistical procedure would be regression analysis, which allows the best line to be fit to the totality of the data in the schedule. Regression analysis on the child support guidelines produces the following function: Basic child support obligation for five children = 0.24 (Combined adjusted monthly gross income) + 328.85. By extrapolating from the schedule, and accepting the view of the evidence most favorable to Dr. Langley, his support obligation should be nearly $5300 per month.