NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-789

STATE OF LOUISIANA

VERSUS

KEVIN WILLIS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. S-3026
HONORABLE RONALD L. LEWELLYAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Renee W. Dugas**
**Assistant District Attorney, Thirty-Fifth Judicial District Court**
**P. O. Box 309**
**Colfax, LA 71417**
**(318) 627-2971**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Kevin Willis**
**In Proper Person**
**235 Henry Road**
**Colfax, LA 71417**
**Counsel for Defendant/Appellant:**
**Kevin Willis**

**Ezell, Judge.**

In this matter, Kevin Willis appeals the judgment of the trial court refusing to reduce his child support obligation retroactively to the date of his filing for reduction. For the following reasons, we affirm the judgment of the trial court.

Kevin and Heather Willis have one child, Karmen. After the couple split, Heather sought to recover child support from Kevin through the State of Louisiana. She was awarded support in the amount of $682.50 per month. Kevin appealed that award, which was reversed by this court and remanded to the trial court for failure to follow the child support guidelines established by La.R.S. 9:315. At trial, the trial court reduced the amount of Kevin's child support obligation to $496.52 per month, as was agreed upon by the parties. However, the trial court did not make the reduction retroactive to the date of Kevin's filing, finding it was not in the best interest of the child. From this decision, Kevin appeals.

Kevin asserts one assignment of error on appeal. He does not challenge the amount of the award. Instead, he only claims that the trial court erred in failing to reduce the obligation retroactively. We disagree.

As noted in *Langley v. Langley*, 96-414, pp. 6-7 (La.App. 4 Cir. 9/18/96), 681 So.2d 25, 29, *writ denied,* 96-2489 (La. 12/6/96), 684 So.2d 935:

> An order for child support shall be retroactive to the filing date of the petition for child support granted in the order unless the court finds good cause for not making the award retroactive. La.R.S. 9:310(A), (C). A finding of good cause to make an award not retroactive to filing is presumed when not articulated in the reasons for judgment. *See, e.g., Pendergrass v. Pendergrass,* 94-1165, 94-1629, p. 9 (La.App. 4th Cir. 1/26/96), 667 So.2d 1213, 1218, *writ denied,* 96-0719 (La. 4/26/96), 672 So.2d 908. A trial judge is not required to assign reasons justifying a finding of good cause to make an award not retroactive to filing; the payor spouse should request that reasons be assigned or clarified if he wishes to assert on appeal that the judge erred in finding that good cause was shown. *See, e.g., Tobin v. Thompson,* 485 So.2d 553, 555 (La.App. 5th Cir. 1986). The trial judge is vested with considerable discretion in determining whether good cause exists to make an award not retroactive to filing. *See, e.g., Holdsworth v. Holdsworth,* 621 So.2d 71, 77-78 (La.App. 2d Cir. 1993).

In the scant record before this court, we can find no evidence that the trial court abused its considerable discretion in not applying the reduction retroactively. In fact, what little evidence there is in the record shows otherwise. One of the items Kevin seeks a credit for was an alleged overpayment for health insurance for his daughter. However, he was so lacking in his communication with Heather that they both carried insurance on Karmen until the last hearing. Kevin not only failed to immediately obtain insurance for her, but he also failed to notify Heather of the date he obtained coverage and to provide her with an insurance card for Karmen. To award him a credit for his imprudence would punish Heather for acting responsibly and in her child's best interest. That is simply something this court is not inclined to do.

While the trial court did not assign specific reasons for its findings on the other credits Kevin sought, it did not need to do so under *Tobin v. Thompson,* 485 So.2d 553, (La.App. 5 Cir.1986), as noted above. If he wished to assert on appeal that the trial court erred in finding that good cause was shown, Kevin should have requested that the reasons be clarified. Considering the lack of any evidence of abuse of discretion whatsoever in the record and the correctness of the trial court's decision as to the health insurance credit, we cannot find the trial court's judgment to be in error.

For the above reasons, the ruling of the trial court is affirmed. Costs of this appeal are assessed against Kevin Willis.

**AFFIRMED.**

This opinion is NOT DESIGNATION FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.