W. SHARP, Judge.
Humana Health Insurance Co. (Humana) appeals from a declaratory judgment which found that Humana was the primary insurance carrier for Anthony Charles Smith, for the time period from November 1, 1988 through April 19, 1989 and thereafter, that Halifax Health Network (Halifax) was the primary carrier. The trial court based its ruling on an interpretation of section 627.-4235(4)(c), Florida Statutes (1989). We agree with the result and affirm for reasons stated in this opinion.
The parties stipulated to the facts in this case. Anthony was born on November 2, 1988. His mother is Evangelene Roberts and his father is Robert Smiley. Evange- *385 lene and Robert were not married and they never lived together. Both were residents of Daytona Beach, Florida.
The evening of November 1, 1988, Evan-gelene had medical problems. She went to the Halifax Hospital in Daytona Beach. From there she was transported to Shands Hospital in Gainesville for an emergency Cesarean section. Anthony was born prematurely, weighing only 2.9 pounds. He had severe complications, and required level III neonatal care at Shands until he was able to be transferred back to Halifax Hospital on January 24, 1989.
On April 19, 1989, Halifax released him to Evangelene’s care. Periodically since then, Anthony has been hospitalized at Halifax Hospital. His medical bills have exceeded $70,000.
Smiley went to Gainesville when Anthony was born. Three days later he returned to Daytona Beach and completed insurance forms through his employer, the City of Daytona Beach, for Anthony’s coverage as his dependent, by Humana, the City’s employees’ group carrier. He also acknowledged his paternity of Anthony, and an amended birth certificate evidencing that fact was filed on July 3, 1989. Since Anthony’s birth, Smiley has provided substantial funds to support Anthony, and he has had unlimited visitation rights.
Evangelene was and continues to be employed by Halifax Hospital. Halifax is the insurance carrier for its employees’ group. After Anthony’s birth, Evangelene stayed in Gainesville several months. When she returned to Daytona Beach, she also added Anthony to her group insurance plan as her dependent. After Anthony was released from Halifax Hospital, he has lived with Evangelene. The trial judge concluded that prior to April 19, 1989, both Evan-gelene and Smiley had custody of Anthony, but after that date, Anthony was in Evan-gelene’s sole custody.
In order to unscramble the dilemma of whose insurance carrier should pay for the health care of dependent children where more than one coverage may be applicable, the Legislature passed section 627.4235. Pursuant to section 627.4235(4)(c), if two or more policies or plans cover a child of “divorced or separated parents,” the plan or policy of the parent who has custody is primary.
But, if subsection (4)(c) is not applicable, resort must be had to the “birthday rule” to determine which carrier is primary:
The benefits of the policy or plan of the parent whose birthday, excluding the year of birth, falls earlier in the year are determined before those of the policy of the plan of the parent whose birthday, excluding year of birth, falls later in that year....
§ 627.4235(4)(b)l., Fla.Stat. (1989). Smiley was born March 25th and Evangelene was born on November 9th. Thus Smiley’s carrier, Humana, would be primary under the birthday rule.
Under the circumstances in this case, we question whether section 627.4235(4)(c) came into play. Smiley and Evangelene were never married and never lived together. Thus they cannot be said to be “divorced” or “separated.” In addition, Anthony was not in the custody of either parent, as opposed to the other’s, while he was hospitalized for the several months following his premature birth. Both Evangelene and Smiley could be said to have had equal potential rights to his custody, if he survived his medical problems and became able to leave a hospital setting.
Since section 627.4235(4)(c) did not cover the circumstances of this case from November 1981 to April 1989, we think the birthday rule of section 627.4235(4)(b) was applicable, and that Smiley’s carrier was primary. After April of 1989, when Anthony went to live with Evangelene, and he was put into her de facto custody, section 627.4235(4)(c) could be applicable, making Halifax the primary carrier. That portion of the declaratory judgment was not cross-appealed and thus it is the established law of this case.
AFFIRMED.
PETERSON, J., and SAWAYA, T.D., Associate Judge, concur.