### PRINCIPAL HEALTH CARE OF LOUISIANA, INC.

v.

### The LEWER AGENCY, INC., et al.

Civ. A. No. 92–3334.

United States District Court, E.D. Louisiana.

Sept. 17, 1993.

---

Daniel A. Ranson and J. Michael Daly, Jr. (Windhorst, Gaudry, Ranson, Higgins & Gremillion), Gretna, LA, for plaintiff, Principal Health Care of Louisiana, Inc.

Walter F. Marcus, III (Lemle & Kelleher), New Orleans, LA, for defendants, Lewer Agency, Inc. and General American Life Ins. Co.

## ORDER AND REASONS

FONSECA, United States Magistrate Judge.

This case is a dispute between insurance companies as to which is the primary insurer for the medical expenses incurred by a premature baby, Justin Jean Plauche ("Justin"), who was born to parents who were never married and never lived together. Plaintiff, Principal Health Care of Louisiana, Inc. ("Principal"), is the medical insurer of the baby's father, Fred Brockton Pepper ("Pepper"), and defendant, General American Life Insurance Company ("General"), is the medical insurer of the baby's mother, Danielle Charay Plauche ("Plauche"), under their respective employee welfare plans. The complaint requests that the court determine the rights and liabilities of the parties pursuant to the Coordination of Benefits provisions in the respective insurance policies and issue a declaratory judgment that either Principal or General is responsible as the primary insurer for Justin.

This matter was referred to the undersigned Magistrate Judge upon the consent of the parties pursuant to 28 U.S.C. § 636(c) and is before the court on cross-motions for summary judgment. The matter was submitted after oral argument on August 18, 1993.

### The ·Facts

Justin was born, four months prematurely, on December 27, 1991, at East Jefferson General Hospital. Justin's mother, Plauche, who was born on December 9, 1964, and Justin's father, Pepper, who was born on April 29, 1956, have never been married to each other and have never lived together. On January 3, 1992, Pepper formally acknowledged paternity of Justin. Plauche concurred in the acknowledgement.

Immediately after Justin's birth, Plauche and Pepper sought to add Justin as an additional assured and/or member under their respective employee welfare plans. Plauche's employer paid for Plauche's coverage and dependent coverage for Justin under the General plan. Pepper paid for his own medical coverage and dependent coverage for Justin under the Principal plan.

While hospitalized, there were no expenses for Justin other than the hospital bills which are at issue in this case. Justin was discharged from the hospital on April 13, 1992. Of the medical expenses in dispute in this case, which total $245,089.88, all but approximately $500.00 were incurred while Justin was hospitalized from his birth until April 13, 1992.

When Justin was discharged from the hospital, he went to live with Plauche at her parent's house. There is no evidence that there has ever been any judicial determination involving Justin's custody. However, in August, 1992, the Juvenile Court for the Parish of Jefferson ordered that Pepper provide medical support and maintain his current medical insurance for Justin and that he be responsible for the health care expenses of Justin.

### Coverage Under The Principal Policy

Principal first contends that it cannot be the primary medical insurance provider for Justin because Justin is not Pepper's dependent child, as that term is defined in the policy, and, therefore, is not a member of the Principal health plan.

The Principal membership agreement provides that the subscriber and family depen-

dents are "members" of the health plan. Plaintiff's Motion for Summary Judgment, Exhibit 1 at p. 9. The definition of "family dependents" includes a "dependent child." The membership agreement defines a "dependent child," in relevant part, as "the Subscriber's unmarried natural or legally adopted child residing within the Service Area ... [T]he child must be dependent on the Subscriber for a majority of his or her financial support ..." *Id.* at p. 37.

Principal asserts that, for Justin to qualify as Pepper's dependent under the policy, Pepper must have paid at least half toward Justin's support and care. Principal points to Plauche's deposition testimony that the only money she had received from Pepper was $200.00 to help pay hospital bills, that Justin lived with Plauche after he was released from the hospital, and that Plauche paid Justin's expenses after he was released from the hospital.

■ In order to determine whether Justin qualified as a "dependent child" of Pepper and, therefore, whether his medical expenses were covered under the Principal policy, we must look at the period during which those medical expenses were incurred. During that time period, Justin was, both factually and legally, "dependent on [Pepper] for a majority of his or her financial support ..." As indicated above, while Justin was hospitalized, his only expenses were the medical bills which are at issue in this case. Thus, Justin's support was provided, during the relevant period, through the payment of medical insurance premiums. Because Pepper paid premiums for dependent medical coverage for Justin, Principal cannot show that Justin was not dependent on Pepper for

a majority of his support during the relevant period.[1] Furthermore, Pepper, who formally acknowledged Justin as his child, had a legal obligation to provide support for his child. *See* La.Civ.Code art. 240; *Hogan v. Hogan,* 549 So.2d 267, 271 (La.1989). As noted in *Hogan,* the parents' obligation to support their child is "conjoint" and solidary, because each parent is bound for the entirety of the child's support. *Id.* at 271.

Accordingly, Justin was Pepper's "dependent child" for purposes of the Principal policy during the relevant period.[2]

### The Primary Insurer

Principal next contends that General is Justin's primary insurer under the Order of Benefits Determination provision of the Principal policy. The relevant portions of that provision are:

The Health Plan determines its order of benefits using the first of the following rules which applies:

.    .    .    .    .

b) Except as stated in paragraph 4.1.C.2.c, when the Health Plan and another Plan cover the same child as a Family Dependent of different persons, called "parents":

1. The benefits of the Plan of the parent whose birthday falls earlier in a year are determined before those of the Plan of the parent whose birthday falls later in the year ...

c) If two or more Plans cover a Member as a dependent child of divorced or separated parents, benefits for the child are determined in this order:

1. First, the Plan of the parent with custody of the child, and

1. The court will not compare, on a dollar to dollar basis, the amount paid by Pepper to that paid by Plauche for Justin's medical insurance. First, the definition of "dependent child" requires only that the child be "dependent on the subscriber for a majority of his or her financial support." The definition does not state that the subscribing parent must have paid at least one dollar more for the support of the child than was paid by the other parent. Furthermore, any interpretation of the definition which would require such dollar to dollar comparisons would lead to absurd results. For example, if a child was living with both parents who both worked, would that child be the "dependent child" only

of the parent who earned more than the other parent? If the income of one or both parents fluctuated over time, what period would apply to determine who earned more?

2. Because we find that Justin was a "dependent child" under the Principal policy, we need not determine whether Pepper was a necessary or indispensable party to the issue of non-coverage. We also need not reach General's contentions that Principal has waived its right to litigate the dependency issue and its right to rescind coverage.

2. Then, the Plan of the spouse of the parent with custody of the child, and

3. Finally, the Plan of the parent not having custody of the child.

Plaintiff's Motion for Summary Judgment, Exhibit 1 at section 4.1.C.[3]

Principal contends that, because Pepper and Plauche were never married and living together, they are "separated parents" under this provision and that, therefore, paragraph 4.1.C.2.c, the "custody rule," applies. General argues that Pepper and Plauche cannot be "separated or divorced" because they were never married and never lived together and, therefore, the "custody rule," which is an exception to the more general "birthday rule," paragraph 4.1.C.2.b, does not apply.

██ Pepper and Plauche cannot be "separated" because they have never been married. *See Humana Health Ins. Co. v. Halifax Health Network,* 579 So.2d 384 (Fla. Dist.Ct.App. 5th Dist.1991) (parents who were never married and never lived together cannot said to be "divorced" or "separated"). Louisiana law provides that "[t]he words of a contract must be given their generally prevailing meaning." La.Civ.Code art. 2047.

The prevailing meaning of the word "separated," in the context of the phrase "dependent child of divorced or separated parents," is married but living separately.[4]

Because Justin is not a "dependent child of divorced or separated parents," paragraph 4.1.C.2.c, the "custody rule," does not apply.[5] Accordingly, the more general "birthday rule" applies.

Pepper's birthday is on April 29th and Plauche's birthday is on December 9th. Because Pepper's birthday falls earlier in the year, his insurer, Principal, is the primary insurer for the medical expenses and charges incurred by Justin Jean Plauche which are at issue in this case.

Accordingly, it is ORDERED that plaintiff's motion for summary judgment be DENIED, that defendants' cross-motion for summary judgment be GRANTED, and that judgment be entered herein in favor of defendants and against plaintiff.

3. The corresponding provision in the General policy is substantially the same:

> ... [T]he basis for establishing the order in which plans determine benefits shall be as follows:

> b) the benefits of a plan which covers the person on whom claim is based as a dependent of both parents, the determination of which plan pays first will be determined as follows:
> i) whichever parent has a birthday anniversary which occurs earlier in the calendar year shall be considered to have the primary plan ...

> except that in the case:
> i) when the parents are separated or divorced and the parent with custody of the child has not remarried, the benefits of a plan which covers the child as a dependent of the parent with custody of the child will be determined before the benefits of a plan which covers the child as a dependent of a parent without custody;

Defendant's Cross–Motion for Summary Judgment, Exhibit D at 1L–2 to 1L–3.

4. That Louisiana law no longer provides any formal procedure for separation is immaterial.

Plaintiff's argument that this interpretation would relieve an illegitimate child from proving dependency in order to obtain coverage is simply

incorrect. The Order of Benefits provisions do not, in any way, invoke the issue of dependency. This interpretation does mean, however, that the "birthday rule" is applicable to an illegitimate child whose parents are not living together and the "custody rule" to a legitimate child whose parents are not living together, in order to determine which policy is primary. Although there does not appear to be any purpose to this distinction between legitimate and illegitimate children under these circumstances, the result is not absurd or against public policy.

5. Even if Pepper and Plauche could be considered "separated," it would be impossible to apply the "custody rule" in this case. While Justin was in the hospital, it cannot be said that he was in the custody of either parent as opposed to the other. At that time, both parents had equal potential legal rights to Justin's custody when he left the hospital. *See* La.Civ.Code arts. 131 and 245. *See also Humana,* 579 So.2d at 385. Because the "custody rule," which is an exception to the general "birthday rule," could not be applied in this case, the "birthday rule" would be applicable. Applying the "birthday rule" where the custody of a child cannot be determined is consistent with the provision of the Principal policy which requires application of the "birthday rule" in cases where parents share joint custody. *See* Plaintiff's Motion for Summary Judgment, Exhibit 1 at section 4.1.C.2.c.